SCHLOSS v. A. STRELLOW & CO. et al.

(Circuit Court of Appeals, Third Circuit. November 12, 1907.)

No. 6.

BANKRUPTCY—INVOLUNTARY PROCEEDINGS—TRIAL OF ISSUES ON PETITION.

An issue as to the insolvency of an alleged bankrupt involves as elements the questions of the amount of his indebtedness and the fair valuation of his property, both of which he is entitled to have determined by a jury; and the court cannot make a preliminary finding as to the validity and amount of the claims of certain creditors which will be conclusive on the jury upon the trial of such issue.

In Error to the District Court of the United States for the Middle District of Pennsylvania.

For opinion below, see 149 Fed. 907.

Edward W. Thayer, for plaintiff in error.
R. W. Rymer, for defendants in error.

Before DALLAS, GRAY, and BUFFINGTON, Circuit Judges.

DALLAS, Circuit Judge. On March 9, 1906, a petition was filed wherein it was prayed that Henry P. Schloss might be adjudged a bankrupt. He answered that he had not committed the act of bankruptcy alleged, that he was not insolvent, and that he was not indebted to the petitioners; and he demanded a trial by jury. On August 7, 1906, the petitioners moved the court "to limit the issue, after setting down the case for hearing before a jury, for the determination of the insolvency of the alleged bankrupt, and the act of bankruptcy alleged in said petition"; and, on the same day, this motion was granted. Subsequently a decree was entered, as follows:

"Now, September 29, 1906, the above case having been put at issue by petition and answer filed, and the case having been heard by the court on the question whether or not the petitioning creditors in this case were the creditors of Henry P. Schloss, the alleged bankrupt, it is now ordered, adjudged, and decreed by this court that the said Henry P. Schloss is indebted to, and purchased goods, wares, and merchandise from, the said petitioning creditors, to wit, A. Strellow, William A. Leggett & Co., Williamson Bros., and the Honesdale Shoe Company, to the amounts set forth in the petition filed in this case."

After the making of this decree, several persons, firms, and corporations united in a petition wherein it was stated that they were creditors of the alleged bankrupt in the respective amounts therein specified, but that he denied that he was indebted to them, and intended "to set up said defense on the trial of said case"; and they prayed to be permitted to intervene, in order that they might "make a proper presentation of their respective claims." This petition was followed by answer and replication, and thereupon there was a decree as follows:

"Now, January 30, A. D. 1907, on the issue raised by the petition of Harris & Brody, Cohen & Lange, J. A. Scriven & Co., Fuld Bros., Julius Franklin, Hirsch Bros. Co., John N. Hines & Co., Samuel Greenstein, Ascher & Abramson, A. Kraner & Co., J. R. Palmenberg & Sons, Wright & Wright, S. W. Korn Sons & Co., Emil Messner, Modern Cloak & Suit Co., S. Steinfeld & Co., Empire Frame & Art Co., Sulla & Kurtz, I. Brozen, Zins & Rossner, and Revealon Freres, requesting that as creditors of the alleged bankrupt they be admitted as additional petitioners, and the answer of the respondent denying that they are creditors, the court, after due hearing, sustains the petition, adjudging that the petitioners are creditors of the bankrupt, and that they are entitled to come in as prayed."

On February 28, 1907, there was a jury trial as to both insolvency and the act of bankruptcy; but the assignment of errors concerns only the issue as to insolvency, and the single point presented by the several specifications is whether, for the trial of that issue, the orders of September 29, 1906, and of January 30, 1907, had conclusively determined the validity and amount of the claims of the petitioners, original and intervening. The case was tried and decided upon the theory that they had, and in this we think there was error. The

precise question, as defined by the bankruptcy act (Act July 1, 1898, c. 544, cl. 15, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3420]), was whether the property of Schloss would, "at a fair valuation, be sufficient in amount to pay his debts," and for the solution of that question it was quite as needful to ascertain the amount of his debts as the value of his property. These elements were both inherent in "the question of his insolvency." There was no separate issue as to his indebtedness. That was matter of evidential fact, and the plaintiff in error was entitled to a finding of the jury upon it, notwithstanding its supposed predetermination by the court.

The judgment is reversed, and a new trial is directed.