### BUFFALO MILLING CO. v. LEWISBURG DAIRY CO.

(District Court, M. D. Pennsylvania. February 21, 1908.)

#### No. 975.

1. BANKRUPTCY—INVOLUNTARY PROCEEDINGS—PARTNERSHIP.

   To sustain proceedings in involuntary bankruptcy against one as partner, a partnership in fact must be shown.

   [Ed. Note.—For cases in point, see Cent. Dig. vol. 6, Bankruptcy, §§ 51–53.]

2. SAME—INSOLVENCY—QUESTION FOR JURY.

   As respondent in proceedings in involuntary bankruptcy is entitled to go to the jury upon everything affecting the question of his solvency, where a determination of an issue whether he was a partner as charged decides the question of his solvency, such issue must be submitted to a jury.

Philip B. Linn and George B. Riemensnyder, for petitioner.
Andrew A. Leiser, for W. H. Coldren.

ARCHBALD, District Judge. It is denied by W. H. Coldren, the respondent, that he ever was a partner in the Lewisburg Dairy Company as charged, on the strength of which, also, he asserts his solvency and demands a jury trial. A partnership in fact, must of course, be shown. In re Beckwith & Co., 12 Am. Bankr. Rep. 453, 130 Fed. 475. But the evidence on the part of the petitioners, while disputed, is sufficient to establish it, if believed; and if the case was to rest here I should be compelled to find in their favor. But, if the respondent was a partner, it is admittedly decisive of the question of his solvency, and,

as he is entitled to go to the jury upon everything which affects or enters into that, the question of partnership must be kept open for their consideration. .Schloss v. Strellow (C. C. A.) 156 Fed. 662. It is true that this does not put the parties exactly on an equality; the petitioners being concluded if it should be found that he was not a partner, but the respondent not being reciprocally bound by its being decided that he was. But that is the law as laid down in the case just cited, and there is nothing to be done, therefore, at this time, but to refuse to dismiss the proceedings on the issue made by the denial of the respondent that he was a partner and thereupon send the case to a jury on the question of his insolvency.

And it is so ordered.