In re EVANS.

RUDOLPH et al. v. EVANS et al.

(District Court, N. D. Georgia, N. D. April 16, 1908.)

No. 237, in Bankruptcy.

No. 12, in Equity.

BANKRUPTCY—PARTNERSHIP—PROCEEDINGS AFTER DEATH OF PARTNER.

A partnership is not subject to proceedings in bankruptcy after it has been dissolved by the death of one of its members, nor can representations by his heirs at law that they retain his interest in the firm continue it in existence for such purpose; and voluntary proceedings instituted by the surviving partner involve only his individual estate.

In Bankruptcy.

P. F. Akin and F. K. McCutchen, for trustee.
J. M. Rudolph, for creditors.
R. J. & J. McCamy, for bankrupt.
W. C. Martin and W. E. Mann, for bankrupt's wife.

NEWMAN, District Judge. C. R. Evans, doing business under the name of Evans & Co., filed his voluntary petition in bankruptcy, and there was in ordinary course an adjudication. A petition is now brought, which, as amended, and for the purpose of present consideration, is in favor of certain creditors. The petition is against Evans, and also against Mrs. Mamie Evans, Miss Francis V. Scogin, and Mrs. Mattie Belle Parisi, sisters of Mrs. Evans; all of whom—Mrs. Evans, Miss Scogin, and Mrs. Parisi —being daughters of W. R. Scogin. The allegations of the petition are that Evans & Co. was a firm composed of C. R. Evans and W. R. Scogin until December 8, 1903, when Scogin died. The further allegation is that thereafter the three ladies represented to creditors and to persons dealing with Evans & Co. and to the Dun and Bradstreet Mercantile Agencies that they continued to be members of the firm of Evans & Co.; the general effect of the allegation, as I understand it, being that the representations were that the estate of Scogin, or his heirs at law, remained members of the firm and liable for the firm's debts. W. R. Scogin died possessed of certain individual property. The theory of the petition, and, indeed, the allegation of the petition, is that the adjudication of C. R. Evans in bankruptcy as the sole owner and proprietor, and

trading as Evans & Co., is a fraud upon the creditors of Evans & Co., and should be opened, vacated, and set aside, in so far as the same is an adjudication in favor of the allegation that Evans is the sole owner and proprietor of Evans & Co. The prayer is that the adjudication be opened, vacated, and set aside in so far as it may be considered as an adjudication that C. R. Evans is the sole owner and proprietor of Evans & Co. The result sought to be accomplished by this proceeding of creditors is to change the present voluntary bankruptcy proceeding into an involuntary case, at least so far as the three ladies are concerned, making it one case against Evans & Co., a firm composed of C. R. Evans, Mrs. Evans, Miss Scogin, and Mrs. Parisi.

The death of W R. Scogin in December, 1903, dissolved the firm of Evans & Co., composed of Evans and Scogin. The firm was extinguished. It was civilly dead—rendered so by the death of Scogin. The firm was a distinct entity in law. With Scogin's death it ceased to exist. Consequently no bankruptcy proceeding could thereafter be instituted against this partnership entity. As the firm no longer existed, all that Evans could do was to go into bankruptcy individually. Therefore his voluntary petition in bankruptcy was only, under the law, the bankruptcy petition of C. R. Evans. Indeed, it was nothing more than this upon the face of it. It was C. R. Evans doing business under the firm name of Evans & Co. The purpose of the petition filed by creditors now is to bring the ladies named into the bankruptcy proceeding as partners in the firm of Evans & Co., upon the ground that they made certain statements to creditors and to mercantile agencies, after the death of their father, to the effect that they were still connected with the firm and liable for its debts. Statements of this sort could not re-establish the firm of Evans & Co. which had been dissolved by operation of law. The statements might render the ladies liable for credits given to Evans & Co. on the faith of such statements, but could not make them members of the firm. The old firm was dead, and I do not see how the statements of these ladies could make a new firm composed of themselves and Evans. While, as I have stated, they might be estopped by their statements from denying liability for credit given on the faith of their representations, they would not in this way establish a new partnership firm. I do not now see how this proceeding can be anything more than a proceeding of Evans individually, and any discharge that might be granted a discharge of Evans individually. If there be any charge on the property of Scogin's estate for debts created before Scogin's death, such charge could not be affected by this proceeding, nor by any discharge granted in this proceeding, and the same is true as to any liability on the part of the daughters of Scogin for statements made by them after Scogin's death, which induced credit to Evans & Co.

Such being my views, I am compelled to hold that this petition is not well founded in law, and must be dismissed, without prejudice to the right of creditors to recommence any proceeding against the estate of Scogin, or against his heirs, as they may be advised. An order may be taken to this effect.