### In re KUNTZ et al.

District Court, M. D. Pennsylvania. May 31, 1929.

No. 5732.

J. E. Vandersloot, of York, for petitioning creditors.

Frederick B. Gerber, of York, for alleged bankrupt.

JOHNSON, District Judge. Exceptions have been filed to the report of the master in finding and deciding that Charles Z. Stough was a member of the partnership, or firm, trading as the Consumers' Coal Company.

The facts of the case, briefly stated, are as follows:

An involuntary petition in bankruptcy was filed on November 2, 1927, against William J. Kuntz, Charles Z. Stough, and Kathryne E. Kuntz, trading as the Consumers' Coal Company. Separate answers were filed by each of the said alleged partners. William J. Kuntz denied that he was a member of the partnership, and alleged that he had withdrawn from the partnership on April 2, 1923. Charles Z. Stough denied that he was a member of the partnership, and alleged that he had withdrawn from the partnership on August 29, 1921. Kathryne E. Kuntz admitted that she was a member of the partnership, but denied that the partnership was insolvent.

The issues raised by the petition and the answers were referred to Wm. Kurtz, referee in bankruptcy, to take testimony and make report thereon, together with his findings of fact and conclusions of law. The referee filed his report as special master, in which he finds that the partnership is insolvent, and that William J. Kuntz, Charles Z. Stough, and Kathryne E. Kuntz were partners within the purview of the Bankruptcy Act, and recommended that William J. Kuntz, Charles Z. Stough, and Kathryne E. Kuntz, trading

as the Consumers' Coal Company, be adjudged bankrupt.

To this report and recommendation Charles Z. Stough alone filed exceptions which are now before this court for disposition. These exceptions raise the question whether Stough was a member of the partnership at the date of the petition in bankruptcy.

From the testimony taken before the master, it appears that on August 20, 1921, the three partners filed a certificate in the prothonotary's office in York county, under the provisions of the Fictitious Name Act (Pa. St. 1920, § 15968 et seq.), setting forth that they were trading and doing business as the Consumers' Coal Company. On August 29, 1921, Stough assigned all his interest in the partnership to his partners, but no notice of his withdrawal was given, nor was there any notation made on the record in the prothonotary's office in York county of his withdrawal from the partnership or of his assignment.

The master found that Stough was a member of the partnership at the date of the petition in bankruptcy, for the reason that no notice was given of his assignment or withdrawal from the partnership, and recommended that William J. Kuntz, Charles Z. Stough, and Kathryne E. Kuntz, trading as the Consumers' Coal Company, be adjudged bankrupt.

In this finding and recommendation the learned referee was in error. Section 5a of the Bankruptcy Act, 11 USCA § 23(a), provides that "A partnership, during the continuation of the partnership business, or after its dissolution and before the final settlement thereof, may be adjudged a bankrupt."

On the date of the petition, Stough was not in fact a member of the partnership and therefore he could not be adjudged a bankrupt as a part of, or a member of, the partnership. "Only an actual partnership may be adjudicated bankrupt as a partnership, not one 'by holding out' and only those who are actual partners may be included, not those who are partners merely 'by holding out.'" 1 Remington on Bankruptcy, § 71, p. 115.

In re Beckwith & Co. (D. C.) 130 F. 475, 12 A. B. R. 453, it was held that "A partnership in fact must be shown to maintain involuntary proceedings against one as a partner and not a mere holding out, by which he may become liable to creditors as a partner." On page 454 (130 F. 476) of the opinion in the above case Archbald, District Judge, said: "To maintain the proceedings as to Jones a partnership in fact must be shown, and not a mere holding out, by which he may have become liable to creditors. Collier on Bankruptcy (4th Ed.) 61; In re Clark (D. C.) 7 A. B. R. 96, 111 F. 893; Lott v. Young [C. C. A.] 6 A. B. R. 436, 109 F. 798. Otherwise the proceedings might be good as to some creditors, with respect to whom this was true, and not as to others, as to whom it was not. And we should also have instances where there was no joint estate to administer, nor any assets other than the personal liability of the individuals who had made themselves answerable, a condition which plainly is not contemplated by the Bankrupt Act. In re Kenney [D. C.] 3 A. B. R. 353, 97 F. 554."

In Jones v. Burnham, Williams & Co. (C. C. A.) 138 F. 986, 15 A. B. R. 85, it was held that, "where in involuntary proceedings against three persons as alleged partners, one of them interposes an answer denying the alleged partnership, the burden of proof is upon the petitioners to show that a partnership in fact existed between the alleged bankrupts."

In Buffalo Milling Co. v. Lewisburg Dairy Co. (D. C.) 159 F. 319, 20 A. B. R. 279, it was held that "a partnership in fact must be shown to maintain proceedings in bankruptcy against one as a partner."

In re Kaplan et al., 234 F. 866, 37 A. B. R. 104, it was stated in the opinion of the Circuit Court of Appeals for the Seventh Circuit: "To justify the adjudication there must be evidence from which the court could properly find as a fact that Samuel Kaplan was a partner. It would not be enough that to various creditors he had held himself out as a partner, because, while an estoppel might give rights to those who were misled, in order to give rights to all creditors he must have been in fact a partner."

It might be well to state that personal liability by estoppel is fixed by section 16, part 3, of the Uniform Partnership Act of Pennsylvania of March 26, 1915, P. L. 18 (Pa. St. 1920, § 16611).

From the foregoing authorities, it is necessary to sustain the exceptions to the master's report and to adjudicate the Consumers' Coal Company, composed of William J. Kuntz and Kathryne E. Kuntz, as members of the partnership, bankrupt, eliminating the name of Charles E. Stough as a partner.

And now May 31, 1929, the exceptions to the report of the master are sustained, and the Consumers' Coal Company, composed of William J. Kuntz and Kathryne E. Kuntz, will be adjudicated bankrupt.