### In re GANAPOSKI et al.

### In re PITTSTON TIRE CO.

#### No. 9801.

District Court, M. D. Pennsylvania.
April 3, 1939.

**42**

Albert B. Carrozza, of Pittston, Pa., for alleged bankrupt.

Reynolds & Reynolds, of Wilkes-Barre, Pa., for referee.

JOHNSON, District Judge.

This is a petition to review the report of the referee to whom the answer of William Ganaposki, alleged bankrupt, was referred. The petition alleges that the referee erred in concluding that William Ganaposki was a partner in the Pittston Tire Company, and consequently could be adjudicated a bankrupt on the petition of creditors of the company.

The facts in the case, briefly stated, are as follows:

An involuntary petition in bankruptcy was filed on June 15, 1938, against William Ganaposki, and Louis C. Ganaposki, trading as the Pittston Tire Company. On June 30, 1938, William Ganaposki filed an answer denying that he was a partner in the company, and asking that the creditors' petition be dismissed as to him.

The issues raised by the petition and answer were referred to David Rosenthal, referee in bankruptcy, to take testimony and make a report thereon. On September 28, 1938, the referee filed his report, in which he finds that William Ganaposki, and Louis Ganaposki were partners in the Pittston Tire Company, and that the partnership is insolvent. The report concludes with a recommendation that William Ganaposki be adjudged a bankrupt as a partner in the company.

William Ganaposki has filed exceptions to this report, raising the question whether the facts before the referee warrant the conclusion that he was a partner.

The referee held numerous hearings and took much testimony from which he has found that the name William Ganny, which was sometimes used by William Ganaposki, appeared on various checks, drafts, and financial statements of the Pittston Tire Company, and that one of these financial statements was made in the handwriting of William Ganaposki. From these facts the referee concludes that the name William Ganny was held out to the trade as a partner, and that consequently William Ganaposki was a partner within the purview of the Bankruptcy Act, 11 U. S.C.A. § 1 et seq.

The referee was in error in this conclusion. To justify an adjudication, the evidence must show that a partnership in fact existed between the alleged partners. Buffalo Milling Co. v. Lewisburg Dairy Co., D.C., 159 F. 319; Fahey v. Sapio, 5 Cir., 30 F.2d 330, certiorari denied 279 U.S. 871, 49 S.Ct. 512, 73 L.Ed. 1007. The mere holding out of William Ganaposki as a partner is not sufficient to create this relationship. In re Evans, D. C., 161 F. 590; In re Kaplan, 7 Cir., 234 F. 866; In re Kuntz, D.C., 33 F.2d 198. Third persons who are misled by such holding out, and act to their detriment have rights against such individual so holding out based upon the doctrine of estoppel. Section 16, Uniform Partnership Act, 1915, P.L. 18, 59 P.S.Pa. § 38. However, the doctrine of estoppel is not sufficient to create a partnership as between the alleged partners, or as to third persons who have not in fact been misled.

There is no evidence in the present case of any partnership agreement between the Ganaposkies. There is no evidence that William Ganaposki made any contribution to the capital, shared in the profits, or had any control over the management of the business. In short, the referee's conclusion is based solely upon the "holding out" of William Ganaposki as

a partner. Under the foregoing authorities this is not sufficient, and consequently the exceptions to the referee's report must be sustained.

The exceptions to the report of the referee are sustained, and the petition in bankruptcy is dismissed as to William Ganaposki.