[Filed April 5, 1892.]

JAMES A. RUTHERFORD ET AL. *v.* J. W. HILL ET AL.

INCORPORATORS— PARTNERS—ASSUMING CORPORATE NAME.—Where three or more persons execute and file articles of incorporation under the laws of this state, and do nothing further toward effecting an organization or carrying on the proposed business, they do not thereby become liable as partners, although one of them assumes to do business under the proposed corporate name and incurs liabilities in that name.

Multnomah county: E. D. SHATTUCK, Judge.

Defendants appeal. Reversed.

The defendants are sued as partners under the name and style of the Himes Printing Company. The complaint does not anywhere allege that the defendants entered into an agreement of co-partnership, but in lieu thereof the following facts are alleged: "That the defendants, on or about the fifth day of September, 1890, executed, acknowledged, and filed in the office of the clerk of the county court of Multnomah county, and in the office of the secretary of state at Salem, Oregon, certain articles of incorporation as the Himes Printing Company; that the defendants, in violation of the laws for the formation of corporations subsisting in the state of Oregon, negligently failed to provide a stock-book and to secure stock subscriptions to said corporation; that in spite of their said violation of the law, the defendants undertook to carry on the business provided for in said articles of incorporation, appointed one George H. Himes superintendent of their said business, and authorized him and the defendant Sherman Martin to represent them in all the transactions of said business; that said business was carried on under the firm name and title of the Himes Printing Company; that between May 1, and September 1, 1891, the plaintiff, at the instance and request of the defendants, through their agents, the aforesaid Himes and the defendant Martin, performed certain labor and services for the defendants, of the reasonable and agreed value of two hundred and thirteen dollars and fourteen cents, which sum the defendants promised to pay; that the plaintiffs performed the aforesaid work, relying on the credit and representations of the defendants for their payment."

Earhart and Hill answered separately, and each of them denied every material allegation of the complaint, except they did not deny executing and filing the articles of incorporation of the Himes Printing Company.

The jury returned a verdict against the defendants Earhart and Hill for the amount claimed, and a judg-

ment was entered thereon, from which this appeal was taken.

*George H. Durham*, and *J. F. Watson*, for Appellants.

*Wallace McCammant*, for Respondents.

STRAHAN, C. J.—At the conclusion of the evidence, the defendants Hill and Earhart asked the court to instruct the jury as follows: "1. The execution and filing of the articles of incorporation of the Himes Printing Company by said Hill and Earhart, in connection with the defendant Sherman Martin, would not itself make them partners with Martin, or render them liable in this action. 2. Said defendants Hill and Earhart cannot be charged in this action unless it has been shown by a preponderance of the evidence that they had notice of their being held out as such partners, and plaintiffs also had notice thereof before or at the time they performed the labor and services alleged in the complaint and performed the same on the faith thereof. 3. The plaintiffs cannot recover in this action against Hill and Earhart, unless it has been proved by a preponderance of the evidence that said Hill and Earhart were partners in said printing company at the time the contract for said labor and services was entered into, or at the time the same were performed, or at the time the contract was entered into, or said labor and services performed, undertook to carry on said business of said company, or were interested as partners or appointed or participated in the appointment of George H. Himes as superintendent of said business, or authorized him or said Martin to represent them in the transaction of said business, or requested through said Himes or Martin the plaintiffs to perform said labor and service." No. 4 was in effect a direction to the jury to return a verdict for the defendants Hill and Earhart. The defendants excepted to the rulings of the court in refusing to give each of the foregoing instructions.

The court then instructed the jury as follows: "I cannot agree with you, Mr. Durham and Judge Watson, that there may not be some other reasons why parties should not be bound than such as usually arise from an estoppel. Since this case has been going on, it has occurred to me whether or not this may not furnish a class of itself for pronouncing a man to be a partner. As a general rule, the doctrine of estoppel has got to be made out according to the authorities you have read; but I am inclined to the opinion that the mere act of filing articles is itself a holding out and notice to the world that they are associated in the business that is carried on under the name. I do not feel very certain about it, but my best conception of this matter is that it ought to be considered the rule." An exception to this instruction was duly noted. The court also gave the following instruction: "If you find from the evidence in this case that these two defendants and Sherman Martin filed articles of incorporation for the purpose of carrying on the printing business under the name of the Himes Printing Company, and that thereafter one of these men, to-wit, Sherman Martin, took up the business contemplated by this corporation, and carried it on under that name, and incurred liabilities, then all these incorporators that signed the articles are liable, and your verdict should be for the plaintiffs for the amount claimed, provided you further find that, before they performed the labor and rendered the services, they ascertained the fact of these articles being filed, and acted on the faith of the association of these defendants with Sherman Martin, and that they were induced thereby to perform the labor and render the services." An exception was also taken to this instruction.

There was no evidence whatever before the jury that these defendants had anything to do with the business of the Himes Printing Company, or in any way authorized the same, except to sign the articles of incorporation. They appointed no agents and employed no laborers, purchased

no material, nor did they have any knowledge that any business was conducted under that name, except the company did some printing for the defendant Hill; and when a bill was presented to him for the same it had at the top, printed in bold letters, "The Himes Printing Company, incorporated; Geo. H. Himes, Superintendent; Sherman Martin, Manager." There was no evidence before the jury · that the plaintiffs had any actual knowledge of the filing of the articles of incorportion at the time they performed the services sued for.

The sole question, therefore, seems to be whether or not, where three or· more persons sign, acknowledge, and file articles of incorporation under the laws of this state, and do nothing further towards effecting an organization or carrying on the proposed business, and one of them assumes to do business under the proposed corporate name and incurs liabilities, the other persons who signed said articles are liable. Appellants maintain that in such case there is no liability on the part of those who do not participate in the business either directly or indirectly, while the respondents seek to maintain the reverse of this proposition; and this contention presents the only question we need consider on this appeal.

The respondent contends that the executing and filing of the articles of incorporation and the assumption of the corporate name by one of the parties under which he does business, create a partnership between all the persons signing said articles; and to sustain this view he relies upon these authorities: *Whipple* v. *Parker*, 29 Mich. 369; *Jessup* v. *Carnegie*, 44 N. Y. Sup. Ct. 260; *Coleman* v. *Coleman*, 78 Ind. 344; *Pettis* v. *Atkins*, 60 Ill. 454; *Smith* v. *Warder*, 86 Mo. 382; *Garnett* v. *Richardson*, 35 Ark. 144; Lind. Part. 5; *Abbott* v. *Omaha Smelting Co.* 4 Neb. 416; *Johnson* v. *Corser*, 34 Minn. 355. Some other authorities similar to these in principle, might be cited, but they add nothing to this side of the question. Without stopping to distinguish

these cases from the one now before us, we think the decided weight of authority, as well as the better reason, is the other way. *Fay* v. *Noble*, 7 Cush. 188, is an early case in which it was held that the subscribers for and holders of stock in a manufacturing corporation, which has been defectively organized and transacted business under such defective organization, do not thereby become partners, general or special, in such business. In *Trowbridge* v. *Scudder*, 11 Cush. 83, it was held that the stockholders of a corporation do not become liable as partners on notes given by the treasurer of the corporation, merely because after organizing they transacted no business. In *First Nat. Bank* v. *Almy*, 117 Mass. 476, it was held that the members of a corporation were not liable as partners by reason of having transacted business before the whole capital stock was paid in as required by statute. In *Humphreys* v. *Mooney*, 5 Col. 282, in considering the question now before the court, it was said: "The doctrine of a partnership liability in such case is not founded in law reason, and is repugnant to the very purposes of the statute authorizing a corporation, one object of which is to limit individual liability." Substantially, the same doctrine is announced in *Gartside Coal Co.* v. *Maxwell*, 22 Fed. Rep. 197; *Planters' etc. Bank* v. *Padgett*, 69 Ga. 159; *Stafford Nat. Bank* v. *Palmer*, 47 Conn. 443; *Ward* v. *Brigham*, 127 Mass. 24; *Central etc. Bank* v. *Walker*, 66 N. Y. 424; *Jessup* v. *Carnegie*, 80 N. Y. 441; 36 Am. Rep. 643; *Blanchard* v. *Kaull*, 44 Cal. 440; Morawetz Corp. § 748. And 17 Am. & Eng. Ency. Law, 866, after stating that the rule contended for by respondents had been adopted by quite a large number of cases, remarks: "But the weight of authority perhaps sustains the contrary rule, that if they were acting under the supposition that they were incorporated, and were assuming only the liability of stockholders, and not that of partners, they will not be held liable as such"; and a long list of cases is cited to sustain this proposition.

It is not doubted that cases might arise and can readily be imagined where the incorporators sought to be charged might take such part in conducting the business, or hold themselves out to the world as partners or as principals in the business, that they would be held liable; but this would grow out of their conduct in carrying on the business, and not out of the mere fact of signing and filing the articles. If the appellants could be held liable in this case, such liability would rest on the mere act of signing and filing the articles, and not upon any participation in the business, either directly or indirectly. It would have to rest upon the theory, that by the mere signing the articles with Martin, they constituted him their general agent to proceed to conduct the business contemplated by the proposed corporation, thus creating a liability for any act of his done within the scope of the powers of the proposed corporation·

No authority to which our attention has been directed, has gone so far, and we feel safe in saying that none can be found to support that doctrine. We therefore reverse the judgment, and remand the cause for such further proceedings as are not inconsistent with this opinion.