ADA C. MCKENNEY *vs.* LEROY S. BOWIE, and others.

York.    Opinion December 3, 1900.

*Bills and Notes.    Corporations.    Evidence.    Limitations.    R. S., c. 55,*
§§ *1, 2, 3.*

Members of an association, but not legally incorporated, are liable upon contracts lawfully made by the associated persons.

The following promissory note, the signers thereon never having been incorporated, is held by the court to be the personal obligation of the signers:

"$400.                                    DURHAM, MAINE, July 7th, 1891.

For value received the Trustees and Treasurer, or their Successors in office, of the Durham Agricultural and Horticultural Society promise to pay Ada C. Sturgis, or order, the sum of four hundred dollars in one year from date, with interest."

LEROY S. BOWIE.
RUFUS PARKER.
CHARLES H. BLISS.
HIRAM J DRINKWATER.
M. W. EVELETH.
            Trustees.
WILLIAM STACKPOLE,
            Treasurer."

*Held;* that the parties to this suit being associates, and not having pleaded in abatement that the others bound with them are not joined in the action, they cannot escape liability on the note, whether it is regarded as the note of the association, or of the individual signers.

*Held;* that as all the payments on the note were made by one defendant alone, nothing ever being paid by either of the other signers, the note is taken out of the statute of limitations as against said defendant; as to all others it is barred.

The legal incorporation of an agricultural society, under R. S., c. 55, §§ 1, 2 and 3, is not established by introducing a book entitled records of the society and which begins with the statement, "agreeable to a legal warrant, a meeting was called, etc." and then proceeds to state the doings of the meeting, which are signed by the secretary,—the original warrant not being produced, and no copy of it, or its service, is contained in the book, and no statement that it was issued by a magistrate, or that any service was made, and no statement of the persons present at the meeting.

ON REPORT.

This was an action of assumpsit brought by the plaintiff (formerly Sturgis) against the defendants upon the following promissory note.

"$400.                    DURHAM, MAINE, July 7th, 1891.

For value received the Trustees and Treasurer, or their Successors in office, of the Durham Agricultural and Horticultural Society promise to pay Ada C. Sturgis, or order, the sum of four hundred dollars in one year from date, with interest.

> LEROY S. BOWIE.
> RUFUS PARKER.
> CHARLES H. BLISS. ·
> HIRAM J. DRINKWATER.
> M. W. EVELETH.
>                         Trustees.
>
> WILLIAM STACKPOLE,
>                         Treasurer."

The plaintiff claimed that the note, as made, was the note of the defendants, and that they were personally liable thereon.

The defendants claimed that it was the note of the Durham Agricultural Society; that the defendants signed for the society, in their capacity as trustees and treasurer, and that they were not personally liable on the same. Other facts appear in the opinion.

*B. F. Cleaves, H. T. Waterhouse and G. L. Emery,* for plaintiff.

Written as is this note, evidence is inadmissible which would tend to show the existence of a corporation, when the note itself does not pretend to be a promise for or in behalf of any others than the signers themselves.

Not a corporation note. Counsel cited: *Randall* v. *Harriman*, 75 Maine, 497; *Mellen* v. *Moore*, 68 Maine, 390; *Fogg* v. *Virgin*, 19 Maine, 352; *Chick* v. *Trevett*, 20 Maine, 462; *Sturdivant* v. *Hull*, 59 Maine, 172.

Neither Mr. Bliss nor anybody else claims that, as to the last four payments indorsed on the note, he gave plaintiff any knowledge or notice that he was claiming to pay this money for or in

behalf of any one but himself. We contend that this note binds the individual signers; and the law says that payment made by any signer, without disclosing the fact that he is making such payment for and in behalf of some one else who is liable on the note, is to be regarded as the payment of the one making it, and that he is bound. *Holmes* v. *Durrell*, 51 Maine, 201, 203; *Tainter* v. *Winter*, 53 Maine, 348, 350.

*W. H. Newell and W. B. Skelton*, for defendants.

The words "Trustees and Treasurer or their Successors in office," in the body of the note fairly import a promise for and in behalf of the society, and added to this, they signed their names to the instrument as Trustees and Treasurer. They do not use "I" or "we" as in cases where signers are held personally liable, nor do they, in fact, use any words indicating a personal promise. The defendants used language indicating an intention to bind the society.

In *Simpson* v. *Garland*, 72 Maine, 40, the language was: "We, the subscribers for the Carmel Cheese Manufacturing Co., promise to pay." The defendants in that case offered to prove that there was such a corporation as the Carmel Cheese Manufacturing Co.; that the defendants were directors of said corporation and authorized to make a note for the corporation; that the note was for money, and that the money was appropriated for the use of the corporation. In that case the court held that it was the note of the corporation and not that of the signers.

This was a corporation. The records are not artistically made up or fully complete. One would not expect them to be so,—they having been made by an uneducated people. But the statute, under which this society was organized, was not intended to provide for that strictness of procedure which would be required of a business corporation.

The defendants having pleaded the general issue and the statute of limitations, the indorsements would be a renewal and prevent the statute from running only as to the society, but not as to them if they were otherwise liable.

SITTING: WISWELL, C. J., WHITEHOUSE, STROUT, FOGLER, JJ.

STROUT, J.   The defendants claim that the note in suit was not the promise of the defendants, but of the Durham Agricultural Society, which, they say, was a corporation organized in 1886 under R. S., c. 55, §§ 1, 2 and 3.   Those sections provide that seven or more persons may apply in writing to a justice of the peace in the county, who may issue his warrant directed to one of the applicants, requiring him to call a meeting, and after the service provided, that the applicants at such called meeting may organize a corporation.   The evidence introduced fails to show an incorporation of the Durham Agricultural Society under the statute.   There is no evidence that seven or any number of persons applied to a justice of the peace, nor that any justice ever issued a warrant.

A book is introduced, headed " Records of the Durham Agricultural Society," which begins with the statement,—" Agreeable to a legal warrant, a meeting was called May 8th, 1886," and then proceeds to state the doings at the meeting, which are signed " J. L. Wright, Sec."   The original warrant is not produced, and no copy of it or its service is contained in the book, and no statement that it was issued by a magistrate, or that any service was made, and no statement of the persons present at the meeting.   Mr. Wright, it is true, expresses his opinion that it was a legal warrant, but it is possible the court might think differently if it was produced.   He was not the authorized tribunal to determine its legality.   *Maddocks* v. *Stevens*, 89 Maine, 336.

It is said that a corporation of the same name was organized in 1892, by some, if not all of the original associates, perhaps as a result of doubt of the legality of the first attempt.   But as this was after the date of the note in suit, it is of no importance here.

To form a corporation under the statute, its terms must be complied with, and this must be proved when the existence of the corporation is in controversy.   *Utley* v. *Union Tool Co.*, 11 Gray, 139; Morawetz on Corporations, § 132.

Nor does the case fall within the principle that, under some circumstances, a legal organization may be inferred from the grant of

a charter, and the performance of corporate acts, without production of a record of its first meeting, as in *Sampson* v. *Bowdoinham Steam Mill Corp.*, 36 Maine, 79.

When this note was given, there appears to have been an association of individuals, including the defendants, who were acting under the name of the Durham Agricultural Society, but no corporation. Five of the signers of the note were designated as "trustees," and the sixth as "treasurer." Not being incorporated, all of the associated persons were liable upon contracts lawfully made by the association. Those sued being associates, and not interposing the objection that others bound were not sued, cannot escape liability on the note, whether it is regarded as the note of the association or of the individual signers.

The note was given July 7, 1891, payable in one year, and suit brought March 1, 1899. The statute of limitations is interposed. The note bears various indorsements, the last of which was in 1896. One other payment thereon of $21.90 made on November 4, 1897, is proved and admitted, and should be allowed. All payments were made by Charles H. Bliss, one of the signers. Nothing was ever paid by either of the other signers. As to him, therefore, the note is taken out of the statute of limitations. As to all the others it is barred.

This result is reached, if we treat the note as that of the association, as claimed by the defendants. But we regard the note as the personal obligation of the signers. It does not purport to be the promise of the association, but it is the promise of the "trustees and treasurer or their successors in office." If there had been a corporation, and it was intended as its promise, the use of the term "successors in office" was without meaning. A corporation has no successor—its life is continuous, until dissolved.

In either case, no defense is disclosed, except the statute of limitations.

> *Judgment for plaintiff against Charles H. Bliss for amount of the note, less $21.90 paid November 4, 1897, and not indorsed, and judgment for all other defendants.*