HEISEN v. CHURCHILL et al.

(Circuit Court of Appeals, Seventh Circuit. April 15, 1913.)

No. 1,927.

CORPORATIONS (§ 221*)—ORGANIZATION—CORPORATE LIABILITY.

Where defendant took preliminary steps to form a corporation, such as preparing, signing, and acknowledging articles of incorporation, but during the times the business in question was transacted with plaintiff

---

the articles had not been filed, and were never filed in the office of the Secretary of State of Louisiana, where the corporation purported to have been organized, as required by the laws of that state, the corporation had no existence in law or fact; and hence defendant could not resist plaintiff's claim of personal liability on the ground that he acted, not for himself, but for such alleged corporation.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 855–860; Dec. Dig. § 221.*]

In Error to the District Court of the United States for the Northern District of Illinois; Julian W. Mack, Judge.

Action by Charles T. F. Churchill and others against Clarence C. Heisen. Judgment for plaintiffs and defendant brings error. Affirmed.

John B. Payne and Edward M. Hammond, both of Chicago, Ill. (Edward W. Everett and Charles J. McFadden, both of Chicago, Ill., of counsel), for plaintiff in error.

Charles S. Holt and Wm. P. Sidley, both of Chicago, Ill., for defendants in error.

Before BAKER and KOHLSAAT, Circuit Judges, and WRIGHT, District Judge.

WRIGHT, District Judge. Upon the trial of the case the court directed the verdict against the defendant, the plaintiff in error here, for $10,460, the amount thereof not then nor now being disputed, the sole question in the trial court being whether the liability for the amount due to the plaintiff was that of the defendant, or of the Chicago Export Lumber Company, an alleged corporation; and this contention, by the present writ of error, is brought to this court for its judgment.

Counsel for plaintiff in error, in their opening brief, ask us to pass upon two points: First, whether the trial court erred in refusing to direct a verdict for the defendant, because the transactions out of which the liability arose were with the corporation, and not the individual; and, second, whether the trial court erred in refusing to submit the question of fact to the jury, and in directing a verdict for the plaintiff. The two points thus submitted by counsel are essentially one, and may be more conveniently considered by the court in one proposition, as if the court should be of the opinion the alleged corporation had no existence in law or fact, and was therefore incapable of creating or assuming such liability, there would then be no question of fact in the case for submission to the jury, and the court correctly ruled by direction of the verdict. The arguments of the counsel in their briefs have taken a wide range, which, owing to the single question submitted, we do not believe it necessary for us to follow, or answer in all the elements presented.

The plaintiff in error, so far as we have discovered from the evidence, personally visited England, where the defendants in error reside and do business, and he personally induced them to engage with him in this country in the lumber transactions, out of which the liability

grew, that are involved in the present suit. He and others had been doing business before that time under the name of Chicago Export Lumber Company; but he testified upon the trial that previous to the liability incurred in this case he had informed defendants in error that it was his purpose to organize a corporation to conduct the business thereafter. It is the contention of the plaintiff in error such corporation was formed in the state of Louisiana, and that the business out of which this liability grew, was with the corporation, and concerning the business of the corporation, and not his individual concern. Preliminary steps were taken to form a corporation, such as preparing, signing, and acknowledging articles of incorporation; but during the times the business was being conducted these articles had not been filed in Louisiana, as its law required, and were at no time filed in the office of the Secretary of State, and only filed in the parish after the close of such business. The privilege of being protected against individual liability by corporate capacity is a creature of the law, and is an important and often a valuable privilege, and as a protection to those who have dealings with persons claiming corporate capacity good faith ought to require, and we think does demand, that he who assumes to represent a corporate condition, and is primarily responsible, and under obligation, as was plaintiff in error, see to it that every legal step or requirement necessary to be taken or observed to create a corporation was given due attention. And if such person wholly fails in this regard, he ought not to have the right to set up a pretended corporate liability, in defense of his own personal liability, when by his own culpable neglect, if not intention, such corporation has no existence in law or fact, and is without substance or assets.

We believe the record in this case discloses this precise situation, as we have described it, and as applicable to the plaintiff in error. The pretended corporation, whose liability is set up in defense to the personal action here, we believe had no existence either in law or fact, was without organization, location, and assets, and the trial court properly directed the verdict as it did, and its judgment is affirmed.