AMERICAN ROTARY VALVE CO. v. MOOREHEAD.

(Circuit Court of Appeals, Seventh Circuit. July 26, 1915.)

No. 2214.

APPEAL AND ERROR ☞1009—UNITED STATES COURTS—REVIEW—CONCLUSIVENESS OF FINDINGS.

Under the new equity rules, as well as under the old rules, the reviewing court has the right and the duty of trying the questions of fact de novo; but the findings of fact below are not to be disturbed, unless it clearly appears that the trial court has either misapprehended the evidence or has gone against the clear weight thereof.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3970–3978; Dec. Dig. ☞1009.]

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from the District Court of the United States for the District of Indiana; Albert B. Anderson, Judge.

On petition for rehearing. Petition overruled.

For former opinion, see 224 Fed. 1019.

W. Clyde Jones, of Chicago, Ill., for appellant.

James W. Noel and Finley P. Mount, both of Indianapolis, Ind., for appellee.

Before BAKER, KOHLSAAT, and MACK, Circuit Judges.

PER CURIAM. As we believed that nothing was involved in this appeal except questions of fact, we affirmed the decree of the District Court without filing a written opinion. And as a re-examination leaves us under the same conviction respecting the facts, there would be no occasion for a written opinion on denying a rehearing, except for the fact that counsel for appellant claim that we expressly or impliedly held, in so disposing of the case, "that under the new equity rules the decision of the trial court upon a disputed question of fact is binding upon the review court."

We had no intention of being so understood. Under the new equity rules, as well as under the old ones, the reviewing court has the right, and owes to itself and to the parties the duty, of trying the questions of fact de novo. Under the old rules, the findings of the trial court were entitled to be treated as very persuasive, and such findings were not to be disturbed, unless it appeared quite clearly that the trial court had either misapprehended the evidence or had gone against the clear weight thereof. We conceive that the new rules have made no change in those respects. Cases now are ordinarily to be heard by the trial judge in open court, while formerly they were ordinarily referred to a master. But under either set of rules, if the witnesses have been heard in open court, one element that rightly enters into the reviewing court's consideration of the evidence de novo is the opportunity of the trial judge to estimate the credibility of the witnesses by their appearance and demeanor on the stand. Espenschied v. Baum, 115 Fed. 793, 53 C. C. A. 368.

The petition for rehearing is overruled.