## In re KAPLAN et al.

## KAPLAN v. DREVENO et al.

### (Circuit Court of Appeals, Seventh Circuit.  May 2, 1916.)

### No. 2271.

1. BANKRUPTCY ⬤═69—ADJUDICATION—PARTNERSHIP.

Before one can be adjudicated a bankrupt as a member of a firm, it must appear that he was a partner, and the mere fact that he had held himself out to some creditors as a partner, while raising an estoppel in their favor, is insufficient to predicate an adjudication.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 51–53, 56; Dec. Dig. ⬤═69.]

2. BANKRUPTCY ⬤═449—APPEALS—PRACTICE.

Under Bankr. Act July 1, 1898, c. 541, § 25a, 30 Stat. 553 (Comp. St. 1913, § 9609), appeals are taken as in equity.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 915; Dec. Dig. ⬤═449.]

3. BANKRUPTCY ⬤═467—REVIEW—FINDINGS.

An order adjudging appellant a bankrupt as a member of a firm, based on conflicting evidence, will not be disturbed on appeal, notwithstanding such appeal presents the controversy for determination de novo, unless the record discloses a misapprehension of the testimony.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 929; Dec. Dig. ⬤═467.]

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

In the matter of the bankruptcy of Benjamin Kaplan, Charles Kaplan, and Samuel Kaplan, doing business as the Kaplan Savings Bank, bankrupt.  From an order adjudging Samuel Kaplan and others bankrupts as partners, on the petition of Meyer Dreveno and others, Samuel Kaplan appeals.  Affirmed.

Max Luster, of Chicago, Ill., for appellant.

Herman Frank, of Chicago, Ill., and Harry J. Laurie, for appellees.

Before BAKER, MACK, and ALSCHULER, Circuit Judges.

PER CURIAM.  Appellees filed a petition seeking to have Benjamin, Charles, and Samuel Kaplan adjudged bankrupts as partners. From an order so adjudging them, Samuel Kaplan appeals.

[1] To justify the adjudication there must be evidence from which the court could properly find as a fact that Samuel Kaplan was a partner.  It would not be enough that to various creditors he had held himself out as a partner, because, while an estoppel might give rights to those who were misled, in order to give rights to all creditors he must have been in fact a partner.

[2, 3] The contention has been earnestly made that the evidence is not sufficient to warrant the conclusion that Samuel was in fact a partner.  From the printed record we might have considerable difficulty in determining the truth as between contradictory witnesses.  But the trial judge had the advantage of estimating their credibility by consid-

ering their manner and conduct as witnesses. This is an appeal "as in equity" under section 25a. In equity cases, under the new rules, appeals present the controversy for determination de novo as under the old rules; but where the trial judge has heard the testimony in open court, his finding of fact should not be disturbed, unless the record very clearly discloses either a misapprehension of the testimony or a mistaken application of the law. American Rotary Valve Co. v. Moorehead, 226 Fed. 202, 141 C. C. A. 129.

In this case we find in the record sufficient evidence to warrant the finding that Samuel Kaplan was in fact a member of the partnership, and that there was no error in acting on this evidence.

The order is affirmed.