## BAKER et al. v. BATES-STREET SHIRT CO., et al.

(Circuit Court of Appeals, First Circuit. July 7, 1925.)

No. 1840.

1. Bankruptcy ⬤⟞91(1)—Burden is on petitioning creditors to show partnership relation in conduct of business carried on in corporate name.

In petition in bankruptcy against alleged partnership holding itself out as corporation, burden is on petitioning creditors to show partnership relation of members interested in firm in conduct of business, and that there was a partnership in fact.

2. Bankruptcy ⬤⟞91(2) — Creditors not estopped from denying corporate character, if members of organization were unwarranted in holding firm out as corporation.

Where individuals interested in an organization without warrant represented that it was a corporation de jure or de facto, finding in bankruptcy proceeding that creditors dealing with organization as a corporation were not estopped from denying its existence as a corporation was not error.

3. Bankruptcy ⬤⟞91(2)—Finding that organization was not de jure corporation not error.

Where articles of organization of corporation, though examined and approved by Attorney General, were not recorded in registry of deeds, and no copy was certified by register and filed with secretary of state, nor filing fee paid, finding in bankruptcy proceeding that organization was not a de jure corporation held not error.

4. Corporations ⬤⟞28(2)—Finding that organization was not de facto corporation not error.

Though an organization might have lawfully incorporated, and it claimed rights conferred by law authorizing incorporation, and made bona fide attempt to organize under law, where organizers failed to record articles of organization in registry of deeds, and no copy was certified by register and filed with secretary of state, and no filing fee was paid, finding that organization was not corporation de facto held not error, there being no colorable compliance with essential statutory requirements.

5. Partnership ⬤⟞41—Organizer of purported corporation held not partner in conduct of business, where she was merely acting as a clerk.

Subscriber for share of stock, participating in organization of defectively organized corporation and acting as clerk, but who had no part in active conduct of business or creation of claims of creditors, held not a partner, individually liable for debts.

6. Partnership ⬤⟞41—Stockholder and treasurer of purported corporation held not a partner.

Stockholder and treasurer, who participated in organization of defectively organized corporation and was employed as clerk in shop for a few months during early part of conduct of business, and also participated in raising money on a mortgage, but who did not have anything to do with purchase of goods for concern, or active management of business, held not a partner, individually responsible to creditors.

7. Corporations ⬤⟞330 — Manager, conducting business purporting to be corporation, but which was not, held individually responsible to creditors.

Active manager of defectively organized corporation, who conducted purchase and sale of goods, held individually responsible to creditors, as corporation principal for whom he purported to act did not exist.

8. **Bankruptcy ⊚⟶54—Adjudication of partnership not warranted, in absence of proof that assets of firm and partners were insufficient to meet obligations.**

Adjudication in bankruptcy against partners *held* not warranted, in absence of proof that firm assets, together with assets of individual partners, available for firm debts, were insufficient to meet firm obligations.

In Error to the District Court of the United States for the District of Maine; Clarence Hale, Judge.

Petition in bankruptcy by the Bates Street Shirt Company and others, creditors, against Harold H. Baker and others, alleged to be partners doing business as Congress Square Men's Shop, Inc., alleged bankrupts. Decree for petitioners, and alleged bankrupts bring error. Decree vacated, and case remanded, with directions.

Maurice E. Rosen, of Portland, Me., for appellants.

Raymond S. Oakes, of Portland, Me. (Oakes & Skillin, of Portland, Me., on the brief), for appellees.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

BINGHAM, Circuit Judge. This is an appeal from a decree of the federal District Court for Maine, adjudging the appellants bankrupt as partners.

The petition in bankruptcy was filed February 21, 1924, by the Bates-Street Shirt Company, Parker & Thomes Company, and the New England Cabinet Works, Inc., corporations alleged to be creditors, and prior to adjudication two other creditors, the Evening Express Publishing Company and the *Phillips Jones Corporation*, were duly allowed to intervene as petitioners.

In the petition it was alleged that Harold H. Baker, Laura E. Baker, and Theodore R. Sweetland were copartners doing business under the name of Congress Square Men's Shop, Inc.; that the petitioners were creditors to an amount exceeding $500, stating the several amounts; that the partnership was insolvent and while insolvent, and within four months preceding the date of the petition, committed an act of bankruptcy on the 21st day of December, 1923, by transferring a portion of their property to one of their creditors with intent to prefer such creditor over other creditors (1) by giving a mortgage for $1,000 of certain personal property to one Harris Feuerman, a creditor, and (2) by giving a second mortgage on said property for $2,500 to one Berlioawsky, a creditor.

The decree was entered without opinion or specific findings of fact by the court below.

In their assignments of error the appellants complain that the court below erred (1) in finding that they were copartners; (2) in finding that the alleged partnership and the individuals composing it were insolvent; (3) in finding that the original and intervening petitioners were creditors of the appellants as copartners; (4) in finding that the alleged partnership was, on December 21, 1923, the date of the alleged act of bankruptcy, insolvent; (5) in finding that the alleged partnership committed an act of bankruptcy; (6) in not finding that all of the petitioning and intervening creditors were estopped to deny the existence of the Congress Square Men's Shop as a corporation; (7) in finding that the appellants, as incorporators of the Congress Square Men's Shop, Inc., by failing to file a certificate of organization with the Secretary of the State of Maine, became a copartnership; (8) in admitting in evidence the articles of association for the purpose of forming a corporation, the records of its meetings, and copy of the certificate of incorporation of the Congress Square Men's Shop, Inc., to show the existence of a copartnership between its incorporators or stockholders. There were certain other errors assigned; but we think it unnecessary to state or consider them.

It appeared in evidence that in February, 1923 (February 9), the alleged bankrupts undertook to organize a corporation under the laws of Maine, styling themselves the Congress Square Men's Shop, Inc.; that they signed written articles of agreement, signed and swore to a certificate of organization, subscribed for and had stock issued, adopted by-laws, and chose directors and officials; that they employed an attorney to effect the organization of the corporation, who was provided with money to pay the necessary filing and recording fees to the various officers where filing and recording was required; that said attorney filed the certificate of incorporation with the Attorney General for approval and paid him his fees; that the Attorney General approved and returned the certificate to the attorney, who failed to have it recorded in the registry for the county in which the corporation was to do business, and to file a copy of it, with a certificate of the register thereon, with the secretary of state; that, instead of doing these things (as he testified) he sent the

certificate by mail to Mr. Sweetland, who, it appeared, did not receive it, and knew nothing about its not having been recorded, until some time in the late summer or fall of 1923; that, soon after February 9, 1923, the corporation, through Harold H. Baker, its president, entered upon the active conduct of its business, and continued to do business down to December 21, 1923, when its stock of goods was attached by the Bates-Street Shirt Company and its business closed up; that this attachment suit was brought against the corporation, but was later withdrawn, and a suit brought against the appellants as partners; that the business carried on was that of a gents' furnishing shop; that the premises used were leased in the name of the corporation; that all business transactions, including the purchase and sale of goods, were conducted in the corporate name; that no creditor gave credit to the individuals, but to the corporation; and that there was never any talk between Harold Baker, Laura Baker, his wife, and Sweetland as to forming a partnership and none was ever contemplated by them; that no goods were purchased after Harold H. Baker, who had the active management of the business, learned, in December, 1923, when the suit against the appellants as copartners was brought, that there was a question as to the corporate organization having been perfected, except a few, which he paid for in cash.

[1] The burden was on the petitioning creditors to show that the appellants stood in the relation of partners to one another in the conduct of the business (Hallstead v. Coleman, 143 Pa. 352, 22 A. 977, 13 L. R. A. 370), and that there was a partnership in fact (In re C. F. Beckwith & Co. [D. C.] 130 F. 475, 476, on appeal under the name of Jones v. Burnham, Williams & Co., 138 F. 986, 71 C. C. A. 240; Kaplan v. Dreveno, 234 F. 866, 148 C. C. A. 464; Lott et al. v. Young et al., 109 F. 798, 48 C. C. A. 654). The appellants testified without contradiction that they never discussed the question of partnership, or contemplated entering into one at any time; that all business transacted by the concern was done in the name of the corporation, and in the belief that it was a corporation.

[2] If the court below found that the petitioners were not estopped to deny the existence of the corporation by reason of having dealt with it as a corporation, we do not think it erred in so finding; for the appellants, in holding out the organization as a corporation, represented that it was a corporation de jure or de facto, and the evidence is such that it could be found that they were not warranted in so doing.

[3] If the court below found that the organization was not a de jure corporation, we are also of the opinion that it did not err in so finding, for the evidence discloses that the articles of organization, though examined and approved by the Attorney General, were not recorded in the registry of deeds in the county where the corporation was to be located; and that no copy thereof, certified by such register, was filed with the secretary of state, nor the filing fee paid, from and after which, according to the law of the state, "the signers of said articles and their successors and assigns shall be a corporation, the same as if incorporated by a special act." Manufacturing Co. v. Canney, 54 N. H. 295, 312, 313; Montgomery v. Forbes, 148 Mass. 249, 252, 19 N. E. 342; Utley v. Union Tool Co., 11 Gray (Mass.), 139, 141; Heisen v. Churchill, 205 F. 368, 370, 126 C. C. A. 78.

[4] If the court below found that the organization in question was not a de facto corporation, we do not think that it erred in so finding. Mere user alone of a name importing a corporation is not sufficient to constitute a de facto corporation. Such a corporation can properly be found to exist only when (1) there is a charter or law under which a corporation with the powers assumed might lawfully be created; (2) there has been a user of the rights claimed to be conferred by such charter or law; and, as applied to a corporation formed under a general law, (3) there has beeen a bona fide attempt to organize under the law and a colorable compliance with the statutory requirements. Stout v. Zulick, 48 N. J. Law, 599, 7 A. 362; Johnson v. Okerstrom, 70 Minn. 303; same case reported as Johnson v. Schulin, 73 N. W. 147; 11 C. J. pp. 213-218.

There is no question in this case as to there being a law under which this organization with the powers assumed, might lawfully have been created. a corporation, or as to the user of the rights claimed to be conferred by such law, or as to a bona fide attempt to organize under the law; but it is apparent that there was no colorable compliance with some of the essential statutory requirements, such as recording the certificate in the registry of deeds and filing a copy thereof with the secretary of state and paying the filing fee, for the appellants, through their attorney, failed to do these things.

[5-7] As the organization was not a corporation de jure or de facto, the question remains whether the appellants, or any of them, were in fact partners in the business carried on under the corporate name, and were properly adjudicated bankrupts as partners.

The evidence shows that Laura Baker was a stockholder and clerk of the corporation, but, apart from her being a subscriber for a share of stock, participating in the organization of the corporation, and acting as clerk, it showed that she took no part in the active conduct of the business, and that she had nothing to do with the creation of the claims or accounts of the creditors. It also appears that Sweetland was a stockholder and treasurer, and participated in the organization of the corporation, that he was employed as clerk in the shop for a few months during the early part of the conduct of the business, and that he participated in the raising of money for the concern on a mortgage; but it does not appear that he had anything to do with the purchase of any of the goods for the concern. The active management of the business in the purchase and sale of goods was conducted by Harold H. Baker. There can be no doubt that, as Harold H. Baker purchased the goods which formed the basis of the creditors' accounts, he at least is individually responsible for them, for the corporate principal for whom he purported to act did not exist (Fay v. Noble; 7 Cush. [Mass.] 188) and the question is: Can Sweetland or Laura E. Baker who are not shown to have acted in the creation of these accounts, be held as partners with Harold H. Baker, who did act in creating them?

In Fay v. Noble, 7 Cush. (Mass.) 188, 192, 193, 194, Judge Bigelow, in considering such a question, said:

"We are not aware of any authority—certainly none was cited at the argument—to warrant the instruction that, in consequence of an omission to comply with the requisitions of law in the organization of a corporation, by which its proceedings were rendered void, persons who had subscribed for and taken stock in the company thereby became copartners. The doctrine seems to us to be quite novel and somewhat startling. Surely it cannot be, in the absence of all fraudulent intent (and none was proved or alleged in this case), that such a legal result follows as to fasten on parties involuntarily, for such a cause, the enlarged liability of copartners; a liability neither contemplated nor assented to by them. The very statement of the proposition carries with it a sufficient refutation. No such result can follow, unless a principle of law be established, founded on no authority, and required by no public exigency. Corporations are known and recognized legal entities, with rights and powers clearly defined and well understood, and wholly distinct and different from those of individuals and copartnerships. Persons who subscribe for and take stock in them are subject to certain fixed and limited liabilities, which they voluntarily assume, and these liabilities are not to be extended and enlarged, so as to affect innocent parties, beyond the letter of the law. A copartnership cannot take upon itself the functions of a corporation, nor can a corporation or its members be made subject to the liabilities of a copartnership, in the absence of all statutory provisions imposing such liabilities. * * *

"It follows, as a necessary consequence of what we have already said, that the records of the corporation were improperly admitted and submitted to the jury, as evidence of an agreement or understanding among the shareholders in the corporation as to their own rights and liabilities as members of a copartnership, and of the extent of authority given to Fuller, as agent of such copartnership. They were not made or kept for any such purpose. They were only the records and by-laws of a corporation, not the agreements of individuals, in the nature of articles of copartnership; and they could have no legitimate tendency to prove the facts for which they were offered and used at the trial. * * *

"If the court were correct in deciding that there was no organization of the corporation, and that all its proceedings were void, the case resolved itself into a few simple elements. Being unorganized, and incompetent to act as a corporation it could not create agents, or confer any authority on any one to act in its behalf, and therefore all those who acted or purported to act as its agents were acting without authority. There was no principal to appoint an agent. It is a familiar principal of law that a person who acts as agent without authority, or without a principal, is himself regarded as a principal, and has all the rights and is subject to all the liabilities of a principal. Story on Agency, § 264. If a person, purporting to act as agent of a corporation which had no valid legal existence, makes contracts and does other acts as its agent, he becomes the principal, and is personally liable therefor.

If he purchases property as agent without authority, the title rests in him, so far at least as regards third persons, and he has the sole right to dispose of it to others. Story on Agency, § 264a, note; Hampton v. Speckenagle, 9 Serg. & R. [Pa.] 212 [11 Am. Dec. 704].

"Applying this principle to the case at bar, it is very clear, that Fuller was not the agent of a copartnership, for none existed; he was not the agent of individuals, as such, because he was not authorized so to act; he was not the agent of the West Boston Iron Company, because, if the court were right in deciding that it had never organized and that its proceedings were void, it never had the power to appoint him agent. Clearly then, he acted without authority from any one. If he purchased, he purchased for himself. In him only did the property vest, and as against all but the vendors he had the sole right to dispose of it to others."

See, also, Trowbridge v. Scudder, 11 Cush. (Mass.) 83, 85; First National Bank of Salem v. Almy, 117 Mass. 476, 478; McKenney v. Bowie, 94 Me. 397, 47 A. 918; Central City Savings Bank v. Walker, 66 N. Y. 424; Rutherford v. Hill, 22 Or. 218, 29 P. 546, 17 L. R. A. 549, 29 Am. St. Rep. 596.

In Ward v. Brigham, 127 Mass. 24, 27, parties who signed articles of association and who subscribed for stock in a corporation whose organization was not perfected were held not to be partners with other subscribers who entered upon and conducted the business of the inchoate corporation as its agents; no such relation having been contemplated by the parties. It was there said:

"Those who acted as agents for the inchoate corporation acted without a principal behind them, because there was no body corporate capable of appointing agents, and so became principals in the transaction. Their mistake, though shared by the defendant subscribers to the stock, does not make those subscribers partners in the business done."

We have examined the case of Harrill v. Davis, 168 F. 187, 94 C. C. A. 47, 22 L. R. A. (N. S.) 1153, cited and relied on by the petitioning creditors, and do not think it applicable to the facts and circumstances in this case. There the defendants conducted a business under the name of Coweta Cotton & Milling Company, and the transaction sued upon took place long prior to the defendants signing and verifying the articles of association and filing them in the Court of Appeals. The defendants did not understand and could not have understood that they were a corporation duly organized, and that they were conducting the business under such organization, and the only question was whether, on the facts, they could be held jointly liable. The lower court directed a verdict for the defendants. The Circuit Court of Appeals thought this was error, reversed the judgment, and remanded the case for a new trial.

We are satisfied that, viewed in the light of Fay v. Noble, supra, the evidence disclosed there was no partnership.

[8] But, assuming that there was, the adjudication was not warranted, in the absence of proof that the firm assets, together with the assets of the individual partners available for firm debts, were insufficient to meet the firm obligations. In re Forbes (D. C.) 128 F. 137; Houghton Wool Co. v. Morris, 249 F. 434, 161 C. C. A. 408; Francis v. McNeal, 228 U. S. 695, 700, 701, 33 S. Ct. 701, 57 L. Ed. 1029, L. R. A. 1915E, 706. The financial capacity of the individuals was not inquired into. The only evidence submitted on the question of insolvency was that the assets of the Men's Shop were inadequate to pay its debts.

The decree of the District Court is vacated, and the case is remanded to that court, with directions to dismiss the petition, with costs to the appellants.