**HERMAN BODY CO. et al. v. ST. LOUIS BODY & EQUIPMENT CO. et al.**

No. 8925.

Circuit Court of Appeals, Eighth Circuit.

Feb. 11, 1931.

Arthur C. Eckert, of St. Louis, Mo., for appellants.

Howard G. Cook, of St. Louis, Mo., for appellees.

Before Stone and Booth, Circuit Judges, and Dewey, District Judge.

DEWEY, District Judge.

Letters patent No. 1,438,664, on truck frames, were issued to William R. Rogers on the 12th day of December, 1922, and upon an application filed by him on the 24th day of November, 1920.

Upon bill of complaint alleging that the patent was being infringed, the defendants set up claims that the patent was invalid because it was anticipated by the prior art, lacked patentable novelty, and, if limited to the structure illustrated and described in the patent, its own device did not infringe.

The trial court declared noninfringement without passing on the question of validity, and plaintiffs appealed.

■ Appellants strenuously urge that the presumption of validity here obtains, and that the question of validity cannot here be reviewed, as the trial court expressed no opinion thereon, and as there is no cross-appeal by appellees and no assignments of error by appellants that here raise the question of validity. Appellants in support of their contention submit the following cases:

American Tube Works v. Bridgewater Iron Co. (C. C. A.) 132 F. 16; Republic Iron & Steel Co. v. Youngstown Sheet & Tube Co. (C. C. A.) 272 F. 386; Schrader's Sons v. Wein Sales Corporation (C. C. A.) 9 F.(2d) 306; Dickinson Tire & Machine Co. v. Dickinson et al. (C. C. A.) 29 F.(2d) 493. The appellees on the other hand cite the following authorities in support of their claim that an appellate court is not limited by the scope of the decision of the court below, but will consider all matters material to the question of validity and infringement where those questions are in issue: U. S. Consol. Seeded Raisin Co. v. Selma Fruit Co. (C. C. A.) 195 F. 264; Reliable Incubator & Brooder Co. v. Stahl (C. C. A.) 105 F. 663; De Laski & Thropp Circular Woven Tire Co. v. United States Tire Co. (C. C. A.) 235 F. 290; American Rotary Valve Co. v. Moorehead (C. C. A.) 226 F. 202; Reynolds Spring Co. v. L. A. Young Industries, Inc. (C. C. A.) 36 F.(2d) 150. The cases cited by appellants are not directly in point, and we do not stop to analyze the several authorities cited by the parties, as this question has been in effect determined adversely to appellants' contention in the case of Tropic-Aire, Inc., v. Sears, Roebuck & Co., 44 F.(2d) 580 (8 C. C. A.), opinion filed September 5, 1930. Notwithstanding the trial court there held that certain claims were so limited by the prior art that appellee's device was not an infringement thereof and notwithstanding no cross-appeal was taken therefrom, this court passed upon the question of nonvalidity and determined the review on that question.

■ Two claims only are within the letters patent No. 1,438,664. They are identical, except that the first claim refers to "an integral rectangular frame of L section" and limits the securing of the floor to the frame by rivets and secures the floor boards by bolts to the cross-sills. The second claim is therefore broader in omitting these limitations, and we shall consider it as the claim in suit. Claim 2 reads as follows: "In a vehicle bed, an integral rectangular frame having its ends welded together, a floor secured to the frame, bumpers and stake pockets secured to said frame, cross-sills secured at their ends to said frame, said floor secured to said cross-sills, risers, said cross-sills having an I section and secured to said risers transversely, sub-sills secured to said risers, chassis, the risers and sub-sills secured to said chassis and cross-sills by means of straps."

The normal construction of appellant Rogers' patent, as shown by the illustration and

specifications of said letters patent, No. 1,-438,664, comprises in a vehicle bed an integral rectangular frame having its ends welded together. Bumpers and stake pockets are secured to the frame by bolts or rivets. On the frame is a floor secured by bolts or otherwise, the frame resting upon cross-sills, such as I beams, and these cross-sills secured to the frame by means of angle irons and hangers. Angle irons are also provided for the rear of the frame as an additional means of strengthening the body. These cross-sills are positioned on longitudinal risers, which are also preferably I beams, and these risers, two in number, are also secured at each end of the frame. The longitudinal beams are positioned on sub-sills which are in turn positioned on the chassis. The chassis member is a U section, and the chassis member, the sub-sill positioned thereon, the riser positioned thereon, and a cross-sill are held together at convenient places by means of a U strap which terminates in two threaded ends positioned in holes in the flange of the cross-sill and secured by a plate on top of the flange through which the ends of the U-strap pass and held secured by nuts, thus securely binding these several members together.

All the elements of plaintiffs' patent are old, and the prior art shows very definitely body beds and body foundations for automobile trucks comprising all of the elements of plaintiffs' combination, but not all of such elements are found in any one disclosure. The Koehler patent, No. 1,221,997, of April 10, 1917, the plaintiffs admit comprises all the elements shown in plaintiffs' patent except the U-shaped straps and method of securing the frame to the chassis. Moore's patent, No. 1,-359,906, dated November 23, 1920, discloses all of the elements of plaintiffs' patent except bumpers, stake pockets, single straps for securing cross-sills, risers, sub-sills, and chassis members together. Nor is there any sub-sill shown. Field's patent, No. 1,322,887, dated November 25, 1919, discloses all of the elements of plaintiffs' patent except bumpers, cross-sills, risers, sub-sills, and the chassis are not secured together by means of single trap. From this analysis it is established that an integral rectangular frame, with L sections, having its ends welded together, a floor secured to the frame, cross-sills secured at their ends to the frame, and the floor secured to the cross-sills and with cross-sills having an I section and secured to the risers transversely, and the use and securing to the frame of the risers and longitudinal supports on which the risers are positioned, had clearly been disclosed by these prior patents. We can also pass the elements of bumpers and stake pockets secured to the frame, as they are old elements and could not add anything to the foregoing combination which would produce patentability.

It will therefore be observed that the question for decision is narrowed to whether or not the adding to former combinations of a body for automobile trucks of a U-shaped strap holding together a chassis member, a sub-sill, a riser, and a cross-sill constitutes an improvement in the art that would amount to invention. In the Moore patent, supra, if we take away the elements of bumpers, stake pockets, and a sub-sill, the only addition in plaintiffs' patent to the Moore disclosure is straps that secure at one time the cross-sills, risers, sub-sills, and chassis member together, substantially as described above. The Moore disclosure does show practically the same structure and does show the U strap. In describing these straps in the Moore letters patent, it is said: "In order to firmly secure the entire under structure to the chassis frame or beams 26, I preferably employ the means illustrated, which consist of eye bolts 27, bolted to the runners 20, by bolts 28, and which are adapted at their free ends to clamp locking plates 29, beneath the said chassis beams 26."

The trial on the issues was unusual, in that the facts were stipulated by the parties. Fact item 12 reads as follows: "Defendants * * * are now * * * selling * * * devices of the type illustrated in defendants' model, defendants' Exhibit A. Defendants' Exhibit A is a portion of a complete frame, but does not disclose the means of attachment between the frame and the chassis of the vehicle. The method of attachment of the structure of the type of defendants' Exhibit A is the same as that illustrated and claimed in the patent in suit."

This stipulation of fact in itself would warrant a finding of infringement. The trial court correctly stated in its memorandum that ordinarily neither validity nor infringement could be predicated on the shape, size, material, and manner of fastening of the constituent elements of a structure. The trial judge then with considerable tact, ingenuity, subtlety, and perhaps, charity, as was his humor, said: "I am not able to eke out infringement, and this view I put upon the ground that the prior art and use were just as open to defendants as they were to plaintiffs. As I am forced to view the matter, defendants' device is far more nearly an approxima-

tion of other devices in the prior art than it is to that specified and illustrated in plaintiffs' patent."

It should be remarked that plaintiffs' combination shows a product of a skilled mechanic and worthy of being preserved by drawings and specifications, but we are unable to say that these old elements brought to a mechanical perfection by skilled artisans amount to either novelty or invention. Questions of what constitutes the difference between invention and mechanical skill are always interesting. As has often been said, what constitutes invention has never been clearly designated or defined. Judge Kenyon of this circuit has so recently incorporated the rules and controlling authorities on this question in the case of Tropic-Aire, Inc., v. Sears, Roebuck & Co., supra, that it withdraws the necessity of incorporating them in subsequent opinions. One authority perhaps might be cited in point. In Aron v. Manhattan Ry. Co., 132 U. S. 84, 10 S. Ct. 24, 26, 33 L. Ed. 272, the Supreme Court said: "The patentee is entitled to the merit of being the first to conceive of the convenience and utility of a gate opening and closing mechanism which could be operated efficiently by an attendant in the new situation. His right to a patent, however, must rest upon the novelty of the means he contrives to carry his idea into practical application. It rarely happens that old instrumentalities are so perfectly adapted for a use for which they were not originally intended as not to require any alteration or modification. If these changes involve only the exercise of ordinary mechanical skill, they do not sanction the patent; and in most of the adjudged cases, where it has been held that the application of old devices to a new use was not patentable, there were changes of form, proportion, or organization of this character which were necessary to accommodate them to the new occasion. The present case falls within this category."

We conclude that claims 1 and 2, as cited in Rogers' letters patent, No. 1,438,664, plainly state the use of old elements or structures that prior thereto had been disclosed, and that his combination did not require other than mechanical knowledge or skill to comprehend and produce. We are not favored with the file wrapper from the Patent Office, but in our opinion the plaintiffs' combination did not amount to invention to take these well-known elements and add only to the internal structure a strap to bind the cross-sills, risers, and sub-sills to the chassis to produce solidity and strength. There was nothing in-

ventively novel in thus securing these elements to the chassis, and the act did not require the exercise of inventive genius. We therefore find that the patent is invalid for want of novelty, and the decree of the District Court is affirmed.

Affirmed.