**HOTEL HALCYON CORPORATION et al. v. ACME SUPPLY CO.**

Circuit Court of Appeals, Fifth Circuit.
December 9, 1929.

No. 5652.

---

[1] This was most recently reviewed by this court in Southern Railway Co. v. Matthews, 29 F.(2d) 52.

C. W. Peters, of Miami, Fla., for appellants.

Norris McElya, of Miami, Fla., for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. The appellee filed an involuntary petition in bankruptcy against the appellants, Hotel Halcyon Corporation, a Florida corporation, and Thomas J. Peters. Each of the appellants filed a motion that that petition be dismissed. The appellants complain of the action of the court in denying those motions.

Appellee's petition alleged as follows: "That they [the appellants] owe debts to the amount of one thousand dollars ($1,000.00) and over. * * * That your petitioner is a creditor of the said Hotel Halcyon and Thomas J. Peters, having a provable claim against it, the said Hotel Halcyon Corporation and the said Thomas J. Peters, which amounts to Five Hundred Dollars ($500.00) and over in the aggregate, in excess of the value of assets held by them. * * * That the nature and amount of your Petitioner's claim is as follows: Judgment in the sum of Eleven Thousand Four Hundred Eighty-two and 77/100 ($11,482.77) Dollars, entered April 4, 1929, in the records in the Circuit Court of the Eleventh Judicial Circuit of Florida, in and for Dade County, Florida. Case No. 11451–D. * * * That there are less than twelve creditors of the said alleged bankrupts."

The court was without jurisdiction to entertain the petition, unless appellee had a provable claim against the appellants, or one of them, which amounts in the aggregate, in excess of the value of securities held by appellee, if any, to $500 or over, and at least one of the appellants owed debts to the amount of $1,000 or over. 11 USCA §§ 95b, 22b.

The above set out averment as to the appellee having a provable claim does not show that that claim amounts, in excess of the value of securities held by appellee, if any, to $500 or over. That allegation is not aided by the above set out allegation as to a judgment in the sum of $11,482.77. The last-mentioned allegation does not show that the judgment referred to was in favor of appellee or an assignor of the appellee, or that it was rendered against the appellants or either of them. The averment under consideration would be sustained by evidence that appellee's claim against each of the appellants is in a sum in excess of $250. Manifestly the words "in excess of the value of assets held by them" do not convey the meaning which would have been conveyed if, instead of those words, the words used had been "in excess of the value of the securities held by petitioner."

The above set out allegation to the effect that appellants owe debts to the amount of $1,000 and over could be sustained by evidence which failed to show that either of them owes as much as $1,000.

We conclude that the appellee's petition failed to allege facts the existence of which is required to give the court jurisdiction to entertain an involuntary petition in bankruptcy. The petition was subject to be dismissed because of its failure to allege above-mentioned jurisdictional facts. Canal Bank & Trust Co. v. Brewer (C. C. A.) 18 F. (2d) 93. Furthermore, we are not aware of any provision of the Bankruptcy Act which indicates that a private corporation and an individual, or two or more individuals or corporations, not shown to be related one to the other or others as partners, can be proceeded against by a single involuntary bankruptcy petition. As to each party so proceeded against the petition would raise issues in which the other party or parties proceeded against would have no interest. We do not think that the involuntary petition filed by the appellee was maintainable. This being so, it is not material to determine whether that petition did or did not allege the commission of an act of bankruptcy.

The order or decree is reversed.