## CHAPMAN BROS. CO. v. SECURITY-FIRST NAT. BANK OF LOS ANGELES, et al.

### No. 9298.

Circuit Court of Appeals, Ninth Circuit.

April 10, 1940.

Evans, Pearce & Campbell and Wm. H. Campbell, all of Los Angeles, Cal., for appellant.

Thorpe & Bridges, Roane Thorpe, and Gerald Bridges, all of Los Angeles, Cal., for appellee, Security-First Nat. Bank of Los Angeles.

Before WILBUR, DENMAN, and STEPHENS, Circuit Judges.

WILBUR, Circuit Judge.

On March 1, 1939, the appellant corporation filed a petition seeking to take advantage of chapter X of the Chandler Act, 11 U.S.C.A. § 501 et seq. relating to corporate reorganization. According to the petition of appellant its assets were $3,095,802.65 and its total liabilities $2,305,922.50, the net worth of its property thus amounting to $789,880.15. Of the assets it was alleged that $3,058,350 represented the value of real estate covered by various deeds of trust given as security for obligations amounting to $2,139,338.03, its remaining indebtedness being unsecured.

The plan of the reorganization proposed by the appellant was one by which bonds and preferred stock might be issued and sold to the public if authorized by the Corporation Commissioner of the state and "that under such a suggested plan of reorganization your petitioner, if such plan is adopted, could hold its equities in the form of common stock and that no dividends could be declared thereupon until the retirement of said bonds and preferred stock at the earliest possible moment consistent with the earnings of your petitioner under an appropriate budget reserve set up from such earnings from time to time so as to enable said bonds and preferred stock to be retired in accordance with said budgeting plan."

The appellee, Security-First National Bank of Los Angeles, filed an answer alleging that it held obligations of the appellant aggregating $1,666,270.79 secured by various deeds of trust upon eighteen parcels of property and that the reasonable market value of said parcels of property did not exceed $997,000. It alleged that the appellant had suffered a loss in its operations in each of the years 1934 to 1937, inclusive, varying from $42,153.91 in 1936 to $61,816.30 in 1937; with depreciation added to this loss the net loss varied from $101,778.46 in 1936 to $132,317.30 in 1937. The answer further alleged that the reasonable market value of all the real properties owned by the debtor did not exceed the sum of $1,262,736 instead of $3,058,-350, as alleged by the petitioner.

Trial was had before the court upon the issues raised by the answer and by a pending petition of the California Bank, the other appellee, "for leave to foreclose its deed of trust and collect rents pending foreclosure."

The trial court found that the indebtedness of the debtor corporation exceeded its assets by over a million dollars; that the appellant was hopelessly insolvent; that its net loss for the fourteen months preceding the filing of the petition was $140,957.76 and for the prior years was as alleged in the answer of the Security-First National Bank of Los Angeles. Upon these specific findings the court concluded that appellant's petition was not made in good faith; that "it was unreasonable for the debtor corporation to expect that any plan of reorganization could be effected." The court dismissed this petition and granted the petition of the California Bank to foreclose its deed of trust.

If the findings of the trial court are sustained by the evidence it is clear that the proposed plan of reorganization is lacking in good faith under the express definition thereof contained in the Chandler Act, Sec. 146, 11 U.S.C.A. § 546, which provides that "a petition shall be deemed not to have been filed in good faith if * * *

"(3) it is unreasonable to expect that a plan of reorganization can be effected."

Such a lack of good faith requires a dismissal of the petition.

It is unnecessary to elaborate this question of "good faith" in a petition for reorganization, as it has been so recently considered by this court, (Provident Mt. Life Ins. Co. v. University Ev. L. Church, 9 Cir. 90 F.2d 992) and by the Supreme Court. Tennessee Pub. Co. v. American Natl. Bk., 299 U.S. 18, 57 S.Ct. 85, 81 L.Ed. 13, and Case v. Los Angeles Lbr. Prod. Co., Ltd., 308 U.S. 106, 109, 60 S.Ct. 1, 84 L.Ed. ——. The case last cited is directly applicable to the facts of this case, for it was there held that any plan which required a secured creditor to share his inadequate security with an insolvent debtor was unfair and inequitable within the meaning of the Bankruptcy Act, § 77B, sub. f, 11 U.S.C.A. § 207, sub. f.

One other matter requires consideration. The appellant discusses an assignment of error, No. 8, which is as follows: "That the said United States District Court erred in sustaining objections of appellee Security-First National Bank of Los Angeles to evidence offered by appellant and to which rulings appellant entered exceptions."

■ Assignments of error are no longer required in bankruptcy cases. General orders in bankruptcy promulgated January 16, 1939, effective February 13, 1939, in order 36, 11 U.S.C.A. following section 53, provide that: "Appeals shall be regulated, except as otherwise provided in the Act, by the rules governing appeals in civil actions in courts of the United States, including the Rules of Civil Procedure for the District Courts of the United States." These rules no longer require assignments of error. Rules of Civil Procedure for the District Courts of the United States, effective September 16, 1938, rule 73 (b), and note, 28 U.S.C.A. following section 723c. However, as we have recently pointed out in Sampsell v. Anches, decided December 18, 1939, 9 Cir., 108 F.2d 945, our rule 20(d) still requires that a specification of error in a brief with regard to the admission or exclusion of evidence, shall contain the objection made thereto and the full substance of the evidence admitted or rejected and that each specification of error shall be set out separately and particularly. The appellant has not done this. Under this general head of "Assignment No. 8" appellant quotes from the record about eighteen pages of questions, answers and ruling by the court. This excerpt contains many objections to many questions. In view of this failure to comply with our rule regarding specifications of error it is unnecessary to give further consideration to the subject. We have, however, examined the evidence received over the objection of appellant as quoted in the briefs and the evidence tendered by it and rejected. We find no ruling which was prejudicial to the rights of the appellant.

Order affirmed.