**DOMBROWSKI v. BEU et al.**

No. 9437.

Circuit Court of Appeals, Ninth Circuit.
July 26, 1940.

Rehearing Denied Sept. 24, 1940.

Frank A. Enter and Ray H. Enter, both of Los Angeles, Cal., for appellant.

Haas & Home, of Los Angeles, Cal., for appellees.

Before WILBUR, GARRECHT and HANEY, Circuit Judges.

GARRECHT, Circuit Judge.

On September 24, 1934, in the District Court of the United States, Southern District of California, Central Division, appellees filed their petitions alleging that they

were engaged primarily in farming; that they were unable to meet their debts as they matured and representing to the court that they desired to effect a composition or an extension of time to pay their debts under Section 75 of the Bankruptcy Act, 11 U.S.C.A. § 203. The petitions were accompanied by a schedule of creditors, wherein Leesa Dombrowski appeared listed as a secured creditor. Property schedules were also filed. The petitions were approved and referred to the court's Conciliation Commissioner for further proceedings as required by law. On January 5, 1935, appellees filed an amended offer of settlement of debts which, among other things, contained the following:

"1. The Conciliation Commissioner shall appoint three appraisers to appraise all the assets of the debtor not exempt by State law.

"2. Thereafter and one year after date, the said Debtor will pay to the Conciliation Commissioner, for the benefit of his creditors, the sum of 2½% interest upon the appraised price. Two years from date he will pay 2½% of the appraised price and 2½% interest thereon. Three years from date he will pay 2½% of the appraised price of 2½% interest thereon. Four years from date he will pay 5% of the appraised price and 2½% interest thereon. Five years from date he will pay 5% of the appraised price and 2½% interest thereon. Six years from date he will pay the unpaid balance of the appraised price with interest at 2½% on said balance.

"3. The proceeds of such payments on the appraised price and the interest shall be paid to the lien holders as their interests may appear and to the unsecured creditors as their interests may appear, under the direction and control of the Conciliation Commissioner."

Appellant accepted said amended offer "in entire and complete satisfaction of her claim against said estate, provided the terms of the settlement as therein set forth are carried out * * *." Other creditors also accepted the amended offer.

In January, 1935, the Conciliation Commissioner approved said proposal and recommended the same for confirmation and the court entered its order of confirmation.

On May 16, 1936, the appellant filed a petition to set aside and modify the terms of the proposal. On October 7, 1938, an answer to said petition was filed by appellees, controverting said appellant's petition. On October 26, 1938, appellant filed an amended petition to set aside and modify the terms of the extension proposal alleging, among other things, that she "held a secured lien on the bankruptcy property in the sum of $16,434.20."; that the reasonable value of the property at all times was in excess of the amount of the lien; that she had entered into the composition of creditors agreement under the belief and upon the representation that she would not receive less than the amount of her lien and that the same would not be impaired in any way; that the order confirming the extension was made before the appraisal of the property; that the appraisers valued the property upon which appellant had a lien at $8,620, when in fact the real value was in excess of $16,434.20; that she at no time had knowledge or notice of said appraisal. The allegations of appellant's petition were controverted and, besides, it was alleged that said petition was filed more than six months after the order approving the composition offer was entered and the court was without jurisdiction to modify or set aside the composition and that appellant was guilty of laches.

A hearing upon the petitions and answers was had before Judge Neterer on November 14, 1938. Affidavits in behalf of the respective parties were received and considered by the court and the matter submitted. Thereafter, on November 18, 1938, the following order was entered:

"* * * It is hereby ordered that the petition of Leesa Dombrowski for an order to set aside, reinstate the case and modify terms of extension proposal and the amended petition of Leesa Dombrowski for an order to set aside, reinstate the case and modify terms of extension proposal be and the same is hereby denied, and the objections of Henry W. Beu and Adelaide S. Beu thereto be and they are hereby sustained.

"It is further ordered that the said Leesa Dombrowski may file a new petition for said relief upon new, other and different evidence, if she be so advised, but that said motion shall not be renewed upon the same evidence as presented to the Court upon this hearing."

Thereafter, on May 11, 1939, appellant again filed a petition to set aside and modify the extension proposal. This petition is

the exact duplicate of the former petition, except that one minor paragraph is omitted and this new paragraph is added, to-wit: "That on the 14th day of November, 1938, the above entitled Court dismissed a prior Petition of the petitioner herein but with leave to file a new Petition."

Appellees filed answer to this petition containing allegations similar to those set forth in the answer to the prior petition and as an additional defense pleaded the order of the court entered on the former petition and alleged: "That no new, other, and different facts have developed in connection with the above matter from which new, other or different evidence may be adduced."

Appellees also tendered appellant the sum of $5,389.61, the balance due under the terms of the composition agreement, and asked that appellant be required to execute a reconveyance of the property in question.

These matters were heard before Judge Cosgrave on December 7, 1939; affidavits on behalf of the respective parties were received and considered and the record and files in said causes were received and considered by the Court and the following findings and order were made and entered:

"* * * that the said petition of Leesa Dombrowski, creditor, and the issues raised thereby are, in all essentials, the same as the petition of Leesa Dombrowski, creditor, and as the issues raised thereby, heretofore heard before the Honorable Jeremiah Neterer as Judge of this Court and determined by the said Honorable Jeremiah Neterer, as such Judge, by his Order Dismissing Petition, dated November 17, 1938; from which order no appeal has been taken or motion made to vacate Order and the issues determined thereby, and which said Order has become final, and that the petition now before the Court is not based on or supported by new, other and different evidence as permitted by said Order and that the said petition of Leesa Dombrowski now before the Court and the issues raised thereby are res adjudicata and that the said petition now before the Court should be denied.

"The Court further finds that the creditor, Leesa Dombrowski, accepted the offer of compromise as made by the debtors on the 19th day of November, 1934 and confirmed by the Court on January 22, 1935; that the debtors have deposited with the Conciliation Commissioner the sum of $5389.61 and interest thereon at the rate of 2½ per cent per annum for the year 1939, the said sums being the balance unpaid to the said creditor, Leesa Dombrowski, under said agreement of compromise; that tender of said sum of $5389.61 and interest as above has been made to said creditor for and in consideration of the note of the said debtors and a reconveyance of the trust deed securing said note but that the creditor has refused and still does refuse to accept the said sums and to execute said request for reconveyance and to deliver up and surrender said note and trust deed; that the debtors, and each of them have complied with all of the terms and conditions of said agreement of compromise by them to be performed, and that the motion of the debtors is fair, just and equitable and said motion ought to be granted as prayed for.

"Wherefore, it is hereby ordered, adjudged and decreed, that the petition of the creditor, Leesa Dombrowski, to set aside the composition of creditors and to reinstate the case and to modify the terms of the extension proposal, be and the same is hereby denied.

"It is further ordered, adjudged and decreed that the debtor [sic.] Leesa Dombrowski, be and she is hereby ordered and directed to make and execute a request for reconveyance of that certain property described * * *."

Appellant has appealed from these orders and in her brief avers that she relies upon assignments of error as follows:

"* * * that Section 75 of the National Bankruptcy Act and subdivisions a to r, inclusive, violates the V Amendment to the Constitution in that the appellant's property is taken without just compensation.

"* * * that subdivisions a to r, inclusive, and also s in Section 75 of the Bankruptcy Act of June 28, 1934, were not complied with. That no provision for proceedings not specifically set forth in said Section 75 a to r and s are provided, therefore anything done not within the provisions of said Sections are void and of no effect.

"* * * that there is nothing in the transcript of record wherein appellant agreed to take any sum less than the full amount due her.

"* * * that the Conciliation Commissioner's Report was not complete at the time it was confirmed by the District Court,

94

in that the appraisers had not been appointed or the appraisal made.

"* * * that the District Court in denying appellant's petition and granting appellees' motion abused its discretion and was contrary to the law and the evidence before the court."

■ The answers of appellees controverted the allegations of fact made in appellant's petitions. Evidence upon these controverted matters was received at the respective hearings and the judgment of the court was predicated thereon. This evidence, which involves nearly all the questions set forth in the assignments of error, has not been made a part of the record on appeal, hence this court cannot pass upon the action of the lower court based upon the evidence.

■■ As to the claim that certain enumerated portions of the statute are unconstitutional, no argument has been presented and we take it that this assignment has been abandoned. However, it is the opinion of the court that the statute is constitutional.

■ To the claim of error that anything done not specifically within the provisions of Section 75 of the Act is void and of no effect, a sufficient answer is that if there was anything done which was not permitted under the Act, it does not appear in the record. The appellant seems to rely upon a legal problem stated thus: That if the debtor was proceeding under subdivision s of Section 75 of the Act, the creditor would know that his lien rights would not be impaired as to the principal of the debt, but would constitute merely an extension of time to pay. Said subdivision s reads in part as follows: "(s) Any farmer failing to obtain the acceptance of a majority in number and amount of all creditors whose claims are affected by a composition and/or extension proposal, or if he feels aggrieved by the composition and/or extension, may amend his petition or answer, asking to be adjudged a bankrupt. * * *"

As the record shows that all creditors accepted the proposal, this subdivision s has no application in this case. Here Section 75 a to r was complied with and appellant agreed to take a reduced amount for her debt and she was protected by that part of the proviso from subdivision k: "* * * That such extension and/or composition shall not reduce the amount of or impair the lien of any secured creditor below the fair and reasonable market value of the property securing any such lien at the time that the extension and/or composition is accepted, * * *."

Appraisers were appointed, the appraisement was made; it was not until more than a year after the proposal was confirmed that appellant filed her petition to set it aside. There was an allegation in appellant's petitions to the effect that the appraisers appraised the property at $8,620, whereas, as a matter of fact, the real value was in excess of $16,434.20. Appellees controverted these allegations and averred that the property at the time of the composition was not worth more than $8,620, the value fixed by the appraisers. The court ruled against appellant; the evidence submitted is not before us. Moreover, in contradiction of this claim that the property was of much greater value than the appraisal, appellant, in her brief, as a separate point of law sets forth, "That the value of the property on which the appellant's trust deed and note was secured, had become so valueless that it could not be rehabilitated and therefore, the proceedings under Section 75 should have been set aside."

To assert that subsections a to r contemplate no composition of the debts, but are merely intended to provide for an extension of payment is to ignore the wording of the statute, particularly subdivision k.

■ The question of res judicata is not important. The statute provides in subdivision l, that, "The court may, after hearing and for good cause shown, at any time during the period covered by an extension proposal that has been confirmed by the court, set the same aside, reinstate the case, and modify the terms of the extension proposal." Where more than one petition is interposed by a party it is within the sound discretion of the court to require that additional petitions should be based "upon new, other and different evidence". Manifestly, here, this provision of the order was ignored and upon the second hearing the court found that the last petition was "not based on or supported by new, other or different evidence," from that which had been previously submitted to the court.

■ The court further found that appellant had "accepted the offer of compromise as made by the debtors * * * and confirmed by the Court * * *"; that the debtors had deposited with the conciliation commissioner the balance unpaid to appel-

lant and she was required to execute a reconveyance of that certain property described.

This order being within the jurisdiction of the court and made and entered in a regular way must be sustained, particularly as the evidence upon which it was rendered is not before us.

Affirmed.

HANEY, Circuit Judge, concurs in the result.