## SAN FRANCISCO LAUNDRY ASS'N v. AMERICAN TRUST CO.

### No. 9985.

Circuit Court of Appeals, Ninth Circuit.

April 15, 1942.

Rehearing Denied May 7, 1942.

Charles M. Bufford, of San Francisco, Cal., for appellant.

Herman Phleger, Maurice E. Harrison, and Howard J. Finn, all of San Francisco, Cal. (Brobeck, Phleger & Harrison and A. M. Dreyer, all of San Francisco, Cal., of counsel), for appellee.

Before GARRECHT, HANEY, and HEALY, Circuit Judges.

HEALY, Circuit Judge.

February 6, 1941, appellant filed its verified petiton for corporate reorganization under Chapter X of the Bankruptcy Act, 11 U.S.C.A. § 501 et seq. This appeal is taken from the decree disapproving the plan proposed and dismissing the petition.

The debtor (appellant) is a corporation organized for the purpose of conducting a laundry business in San Francisco. By itself, and later through a trustee, it carried on that business until 1938, at which time the laundry equipment and other personal assets were sold and the proceeds applied to the payment of the debtor's unsecured creditors. The laundry building was then wrecked and the premises converted into a parking lot, which the debtor has since operated.

The former laundry premises, constituting the debtor's main asset, comprises about half the block bounded by Fillmore, Turk, Steiner, and Eddy Streets in San Francisco. This tract is subject to a deed of trust securing an indebtedness to appellee in excess of $39,000, the debt including approximately $4,000 cash advances and $9,000 unpaid interest. Debtor owns also a smaller parcel of real estate subject to an indebtedness to Florence Brownfield in the amount of $3,500. These are the only creditors the debtor has; and there are no other assets except certain accounts receivable and some office furniture, the total value of which does not reach $3,000. For

several years the debtor has not paid the taxes on the real estate hypothecated to appellee but has collected rents thereon aggregating about $200 per month, the lion's share of which it has paid as salary to its president. With the exception of a small payment made in January 1940 nothing has been paid on the amount owing appellee since October 1939. According to the testimony of appellee's witnesses and the valuation made by the appraiser appointed by the court, the value of the former laundry premises does not exceed $30,000 and the value of the property mortgaged to Brownfield does not exceed $3,200.

Appellee took steps to have its security advertised for sale; whereupon the debtor filed this petition and obtained an order restraining further proceedings. By its answer appellee controverted the allegations of the petition to the effect that the same was filed in good faith and that the debtor's assets exceed its liabilities. The issues raised were referred to a special master for hearing and report.

Before the special master reported, the debtor presented its plan of reorganization. In summary, the proposal is that the property mortgaged to Florence Brownfield be conveyed to her in satisfaction of the debt owing her; that a street 50 feet wide be cut through the center of the property which is subject to appellee's deed of trust, and the way dedicated to the public; and that the remainder of that property be subdivided into lots and dwelling houses built thereon. The cost of paving and subdivision and of erecting the houses is to be met by the issuance of debtor's certificates of indebtedness, the certificates to have absolute priority over appellee's deed of trust. The interest on the amount owing appellee is to be reduced and the principal cut down to $30,000, the balance of the indebtedness being cancelled and preferred stock of the debtor issued to appellee in lieu thereof. This stock is to have preference only on liquidation; otherwise it is to stand in all respects upon an equality with the debtor's existing common stock. While the project is being carried out the debtor's president is to be paid a salary of $150 per month.

Appellee objected to the plan, and the issues raised thereby were referred to the special master. The master, after hearing testimony, . concluded that the objections were well taken, found that the debtor is insolvent, and recommended that the plan of reorganization be disapproved and the proceedings dismissed or the debtor adjudicated a bankrupt. The court affirmed the master's certificate and report and ordered a dismissal. Thereafter the debtor moved for leave to amend its plan, accompanying the motion with an alternative proposal for a moratorium "until one year after the President shall proclaim the end of the present National Emergency"; in the meantime half of the gross income to go to the lienholders and the other half to the debtor, the lienholders to pay the taxes, and the debtor to be responsible for maintenance. In denying the motion the court found that upon the showing made no plan could be proposed which would be acceptable under the provisions of the Bankruptcy Act.

The only factual matter here in dispute concerns the value of the property subject to appellee's deed of trust. The conclusion reached below was that its value is substantially less than the obligation secured; and the finding has ample support in the record. In the light of this finding and the admitted situation otherwise, it is plain that the debtor is insolvent in the bankruptcy sense; and that there is no reason to expect that a reorganization can be effected. Hence the proceeding was not instituted in good faith, § 146(3) of the Act, 11 U.S.C.A. § 546(3), and the dismissal was proper, § 144, 11 U.S.C.A. § 544. See Chapman Bros. Co. v. Security-First Nat. Bank of Los Angeles, 9 Cir., 111 F.2d 86; Case v. Los Angeles Lumber Products Co., 308 U.S. 106, 60 S.Ct. 1, 84 L.Ed. 110.

Some points of a procedural nature are argued but there is no merit in them.

Affirmed.