## COLE et al. v. HOME OWNERS' LOAN CORPORATION.

### No. 9881.

Circuit Court of Appeals, Ninth Circuit.

June 15, 1942.

Rehearing Denied July 27, 1942.

804

Carl B. Luckerath, of Seattle, Wash., for appellant.

Tom S. Patterson, of Seattle, Wash., for appellee.

Before WILBUR, HANEY, and HEALY, Circuit Judges.

WILBUR, Circuit Judge.

This appeal arises out of proceedings for agricultural composition and extension under § 75 of the Bankruptcy Act, 11 U. S.C.A. § 203. Appellant farmer-debtors petitioned for composition under that section, and their composition offer was rejected. They then amended their petition, asking that they be adjudged bankrupt, and that their property be appraised and they be allowed to retain possession thereof for three years, all in accordance with § 75, sub. s, of the Bankruptcy Act, 11 U.S.C.A. § 203, sub. s; 49 Stat. 943–945.

The debtors were thereupon adjudged bankrupt and an order of reference was made to John McKay as Conciliation Commissioner. The Conciliation Commissioner appointed appraisers on March 12, 1940, and their appraisal, made on the same day, valued the real property at $1,000 and the personal property at $853.50.

On March 13, 1940, the Commissioner made an order staying for three years all proceedings against the bankrupts, setting aside to them the real property here involved as exempt, giving them possession thereof under the supervision of the court, and fixing the annual rental at $115, the first payment to be made within one year thereafter.

On July 8, 1940, respondent creditor filed a petition alleging that the real property was worth over $5,250 and could be sold for at least $5,000 and that there was no reasonable possibility that the debtors could rehabilitate themselves, and asking the court to review the Commissioner's order and direct a public sale of the property. To this petition the debtors demurred and answered.

On August 12, 1940, the Commissioner made a formal order approving the appraisal of March 12, 1940.

The debtors' demurrer was overruled on October 7, 1940, and evidence was introduced upon the issues. On April 16, 1941, the court made its order finding that the reasonable value of the real property was $5,250 and the reasonable rental not less than $400 annually, but did not fix an exact rental to be paid by the farmer-debtors for the stated reason that the farmer-debtors had evidenced lack of interest in paying more than enough to cover taxes and water charges. The court further found as alleged that there was no possibility of rehabilitation, and ordered that unless, by May 1, 1941, the debtors paid into court the value of $5,250 fixed by the court, the property should be sold at public auction subject to the debtors' right to redeem within ninety days thereafter. From that order the debtors appeal.

Appellants contend that the order appealed from is not supported by the evidence and is contrary to law. As they have not included the evidence in the record on this appeal, it must be presumed that it was sufficient to support the order of the court. Dombrowski v. Beu, 9 Cir., 114 F.2d 91. The point must therefore be decided adversely to appellants.

Appellants' next objection, that respondent's petition for review was not made within the time allowed by law, is not well taken. Section 39, sub. c, of the Bankruptcy Act, 11 U.S.C.A. § 67, sub. c, provides: "A person aggrieved by an order of a referee may, within ten days after the entry thereof or within such extended time as the court may for cause shown allow, file with the referee a petition for review of such order by a judge * * *."

Section 75, sub. s, 11 U.S.C.A. § 203, sub. s, after prescribing the manner in which appraisals shall be made, provides: "The appraisals shall be made in all other respects with rights of objections, exceptions, and appeals, in accordance with this title: Provided, That in proceedings under this section, either party may file objections, exceptions, and take appeals within four months from the date that the referee approves the appraisal."

It is apparent from these provisions that respondent had four months from the date of the Commissioner's approval of the appraisal, within which to file its petition for review. The Commissioner's formal order of approval was not made until after respondent's petition was filed, but the parties by stipulation waived any question of whether he had not in fact approved the appraisal as soon as it was made. The petition for review, having been filed on July 8, 1940, within four months of the appraisal and order of March 13, 1940, giving possession to the debtors and fixing rental, was timely.

Appellants urge that the act gives them an absolute right to have a rental fixed, and to be given three years possession conditional only upon their payment of such rent and performance of such other conditions as the court may impose under the act.

Appellants contend that none of the statutory grounds for re-appraisal or premature termination is here present, as provided by § 75, sub. s(3), 11 U.S.C.A., sub. s(3). However, the appraisal involved on this appeal is not such a re-appraisal as is there provided for but is the original appraisal as modified by the judge on direct review. That such a review can be made within the three-year period is apparent; for it must be requested, if at all, within four months after the Commissioner approves the appraisal sought to be reviewed.

We assume, as appellants contend, that appellants had, initially, a right to have the court in its reviewing order fix value and rental and other proper conditions upon performance of which appellants would be allowed to retain possession for three years. John Hancock Mutual Life Ins. Co. v. Bartels, 308 U.S. 180, 60 S.Ct. 221, 84 L.Ed. 176. Nevertheless, this right, being for the benefit of the debtors, could be waived by them. Boynton v. Ball, 121 U.S. 457, 467, 7 S.Ct. 981, 30 L.Ed. 985. The findings of the court indicate that the debtors declared that they were not interested in paying the rental which the court determined was reasonable. The evidence, not having been brought before us, must be presumed sufficient to support this finding. Dombrowski v. Beu, 9 Cir., 114 F.2d 91, supra. The purpose of fixing conditions is that the debtor may have an opportunity to perform them. The debtors' declaration that they would not pay $400 rental must be considered a waiver of their right to have the trial court fix the exact amount of the rental to be paid if the court found it to be over four hundred dollars. The court was accordingly justified in proceeding to order a sale as there had been a failure to perform as the statute provides. (§ 75s, 11 U.S.C.A. § 203, sub. s).

The order for sale provides that respondents may not bid more than the appraised value. The statutory authority for such a restriction is not apparent, but as neither party has objected to this aspect of the order we shall not consider it.

Order affirmed.

HEALY, Circuit Judge (dissenting).

As said in the main opinion, the trial court did not fix the rental or determine the conditions under which the debtors might remain in possession for the statutory period. I think the court was obliged to do that and thus to afford the debtors the opportunity of accepting the conditions imposed. The Act is plain in this respect; and there was here no clear waiver of the statutory requirement. At best there appears to have been an advance insistence on the part of the debtors that a rental sufficient only to pay taxes and water charges was all that the property would bear, or that a greater rental would be impossible to meet. It should be remembered that expressions of this sort were made in the course of the hearing in which the debtors were endeavoring to sustain the appraisal of the conciliation commissioner. The debtors might well feel differently about the matter after the court had made its decision and definitely fixed the terms with which they would be obliged to comply.

For this reason, it seems to me, the order below should be reversed with directions to fix the terms of continued occupancy.