**BOYLE et al. v. UNITED STATES.**

No. 10874.

Circuit Court of Appeals, Ninth Circuit.

May 8, 1945.

Earle N. Genzberger, of Butte, Mont., for appellant.

John B. Tansil, U. S. Atty., and R. Lewis Brown and Harlow Pease, Asst. U. S. Attys., all of Butte, Mont., for appellee.

Before GARRECHT and HEALY, Circuit Judges, and BOWEN, District Judge.

HEALY, Circuit Judge.

This proceeding was initiated April 20, 1943, under authority of 26 U.S.C.A. Int. Rev.Code, § 3720 for the forfeiture of certain distilled liquor upon which, so the libel of information alleged, a revenue tax had been imposed but had not been paid. On June 1, 1943, appellants intervened as owners and claimants of the seized property, contesting the forfeiture on the plea that the requisite tax had been paid. Upon a trial of the case findings and conclusions were made supporting the allegations of the libel, and a decree was entered adjudging that the liquor be condemned and forfeited to the United States.

The record contains no statement of the evidence received on the trial, or of any evidence offered and rejected. All that is here is the judgment roll, including certain minute entries, plus affidavits filed in connection with an application made by appellants for a new trial. The findings, which we are obliged to accept as true, support the judgment.

The chief contention is that the court erred in declining to grant a continuance; and it is so earnestly argued that appellants were thereby deprived of their day in court that we have given the argument every attention of which the record permits. From an affidavit of assistant United States attorney Brown, filed in resistance of the motion for a new trial, is to be gleaned a history of the preliminary stages of the proceeding. There is no dispute concerning the facts stated in this affidavit. Briefly summarized, its contents are as follows: After the filing of the libel, Mr. Genzberger, attorney for appellants, discussed with Brown, who had charge of the case, the possibility of a compromise. Genzberger was told that the Attorney General had authority to accept or reject propositions of settlement, and that Brown would forward to the Attorney General for his consideration such proposal as appellants wished to make. A compromise offer, consisting of a cashier's check payable to the treasurer of the United States, was then delivered to Brown for transmittal to the Attorney General. Thereafter, and before the case had been set down for trial, that official declined the offer and refused to compromise the civil or criminal liability of appellants. The draft was returned to another assistant United States attorney for delivery to appellants, and the latter were informed of the position taken by the Attorney General. However, for some reason not disclosed, the same offer was thereupon resubmitted. Such was the pos-

ture of affairs when the trial date was set. We may add here that the resubmitted offer was again rejected, although the Attorney General's action in this respect was not taken until a date subsequent to the trial.

The record discloses that on December 13, 1943, the court set the trial of the case for December 21, 1943, at 10:00 o'clock, and that formal notice thereof was received by appellants' attorney on December 14. It is conceded that in the period intervening between that date and December 21st no motion was made for a continuance or for a vacation of the setting. According to the affidavit of assistant United States attorney Brown, which, as has been said, is conceded to be correct, Genzberger, on the day after receipt of notice of the setting, asked Brown if the latter would see the presiding judge and have the case continued. Brown stated that he would not do so, but that if Genzberger desired a continuance, he, Brown, would go with Genzberger and inform the court of the status of the compromise offer and would not oppose any motion for a continuance that Genzberger desired to make. He told Genzberger that unless a continuance were arranged in this fashion the case, so far as he knew, would be tried on the date set. Genzberger did not pursue the course suggested or approach Brown further, so that the latter, assuming it was the desire of appellants to proceed, prepared for trial and had his witnesses in attendance at the hour appointed. Counsel for appellants was not present. Brown informed the court that he believed the interveners desired to contest the libel and requested a brief continuance until their counsel could be reached by telephone. A recess was ordered until 10:30, during which counsel for appellants was informed by Brown of what had transpired. In excuse for his not being present counsel stated that he had neglected to make a note of the time set.

The minutes of the court recite the following: At 10:30 A.M. appellants' counsel (Genzberger) stated that an offer of compromise had been made; that he did not think the case would be tried until the offer had been disposed of; and he moved that the trial be continued until Monday morning, which motion was denied. Thereupon certain named witnesses for the government were examined, and an inventory of the seized liquor was received as an exhibit on behalf of the interveners. Genzberger then stated that he desired to call Edward Haft as a witness; that interveners had no witnesses other than Haft; and he asked that the trial be recessed until 4:30 in the afternoon or until the following morning to enable Haft to come from Missoula, which motion was denied. The minutes recite that no effort had been made by interveners to secure the attendance of Haft at the appointed time, and that there was no showing as to what Haft would testify to if he were present.

So much for the record. We find in it nothing which persuades us that the court abused its discretion in declining to postpone the trial.

■ The minutes show a motion by appellants to require the production of certain gin, liquor store sales slips and invoices, which motion was denied on the objection of the government that it was not timely made. Appellants attempt to predicate error on this ruling. There is, however, no record of the proceedings from which we can determine its propriety. There is nothing in the minutes to indicate whether the court was advised of the purpose for which the production of this property was desired, or what evidentiary value, if any, it might have.

Affirmed.