**McCLYMAN et al. v. HAMILTON.**

No. 12183.

United States Court of Appeals
Ninth Circuit.

March 28, 1950.

H. H. Slate and Glenn A. Lane, Los Angeles, Cal., for appellants.

Sylvan Y. Allen, J. D. Willard and Ernest R. Utley, Los Angeles, Cal., for appellee.

Before STEPHENS, HEALY and BONE, Circuit Judges.

STEPHENS, Circuit Judge.

The appellants, as creditors of the alleged bankrupts, filed their involuntary petition in bankruptcy to have declared bankrupt appellee Hamilton and the partnership known as Brunson & Bunch. The case is here on appeal from a judgment of the United States district court dismissing the petition as to Hamilton "both as a member of the partnership of Brunson & Bunch [holding he was not a partner] and individually."

It is alleged in the petition that Hamilton is a general partner of Brunson & Bunch; that Hamilton and the firm each are insolvent; that the petitioners' claims arose out of. loans to Hamilton and the partnership and are unsecured and fixed as to liability and liquidated as to amount; and that Hamilton and the partnership each had committed several specified acts of bankruptcy, several under 11 U.S.C.A. § 21, sub. a (2) and one under 11 U.S.C.A. § 21, sub. a (1).

Separate orders of general reference as to Hamilton individually and as to the partnership were issued. The partnership

failed to plead and was adjudged a bankrupt by default prior to the entry of the judgment here appealed from. Hamilton "for himself alone and none other" responded to the petition by answer and controverted each of the above allegations. His demand for a jury trial caused the referee to refer the matter to the district court sitting in bankruptcy. Following a subsequent waiver of jury, the district court retained the matter for limited purposes stating at various times throughout the trial proceedings variations of the following: "All we are interested in is to find out or to determine whether there is an insolvency in the case and whether Mr. Hamilton is a member of the partnership that is insolvent. * * * if I make a finding that Mr. Hamilton is not a member of the partnership then the litigation ends (as to Hamilton), and if he is, then it goes back to the Referee in Bankruptcy for further proceedings * * *."

The district court found that appellants had failed to sustain their burden of showing that Hamilton was a general partner in such firm and that there was no evidence of acts of estoppel which would warrant the court to declare Hamilton to be a partner. The court also found that the evidence failed to show Hamilton's individual insolvency and that appellants were not creditors of, nor did they have claims fixed as to liability and liquidated as to amount as against, Hamilton.

Appellants on this appeal contend that the district court erred in excluding certain evidence [going to Hamilton's status as a partner], in making a certain finding [that Hamilton was not indebted to appellants], in directing the court reporter not to record certain statements of the court, and in so conducting itself as to prevent a fair trial.

As to the alleged improper exclusion of evidence, appellants have not complied with our Rule 20, the pertinent part of which we quote: "When the error alleged is to the admission or rejection of evidence the specification shall quote the grounds urged at the trial for the objection and the full substance of the evidence admitted or rejected, and refer to the page number in the printed or typewritten transcript where the same may be found." Compare Muyres v. United States, 9 Cir., 1937, 89 F.2d 783; Century Indemnity Co. v. Nelson, 9 Cir., 1937, 90 F.2d 644; Sampsell v. Anches, 9 Cir., 1940, 108 F.2d 945; Chapman Bros. Co. v. Security-First National Bank, 9 Cir., 1940, 111 F.2d 86; Hemphill Schools v. Commissioner of Internal Revenue, 9 Cir., 1943, 137 F.2d 961. Appellants have chosen to quote in their brief some but apparently not all of the colloquy between court and counsel during the trial and have stated none of the evidence. It does not help matters to overlook these technical deficiencies for the designated part of the reporter's transcript of the proceedings contains none of the evidence and hence nothing from which we can determine the merits of the assigned error.

■ In the circumstances we would be justified in accepting the trial court's findings [including the finding which is the subject of appellants' second contention] as correct unless there are reasons of some other nature for not doing so. See Bernards v. Johnson, 9 Cir., 1939, 103 F.2d 567; Dombrowski v. Beu, 9 Cir., 1940, 114 F.2d 91; Cole v. Home Owners' Loan Corp., 9 Cir., 1942, 128 F.2d 803; Boyle v. United States, 9 Cir., 1945, 149 F.2d 201. However, we have checked our conclusions, as will later appear in this opinion, with the entire reporter's transcript.

It must be noted that the court early announced that evidence would be strictly limited to proof of Hamilton's status and the firm's solvency as mentioned above, and such announcement was adhered to throughout the proceedings. Notwithstanding, fact issues outside the scope of such issues were determined.

■ We hold that such fact determinations, to-wit, that Hamilton was not insolvent either at the time the alleged acts of bankruptcy were committed or at the time the instant petition was filed; that Hamilton is not indebted to appellants or any of them; that appellants or any of them did not have claims fixed as to liability and liquidated as to amount as against

Hamilton, were improperly made in the circumstances obtaining here because such findings are not within the scope of the trial as delimited by the court. However, our conclusion does not mean that appellants suffered any prejudice whatsoever because of such findings. Upon their petition, the vital and initial issue as to Hamilton is whether he is a general partner in the firm of Brunson & Bunch. If he is not, the proceedings as to him must end. There is nothing in the Bankruptcy Act which authorizes, in involuntary proceedings, the joinder in a single petition of alleged bankrupts who are not related by *actual* partnership. See Hotel Halcyon Corporation v. Acme Supply Co., 5 Cir., 1929, 36 F.2d 353; Remington on Bankruptcy (4th ed.), Vol. 1, § 340, p. 460. And, the finding that there was no evidence of acts of estoppel which would warrant the court to declare Hamilton to be a partner cannot be relevant to any issue in the proceedings. See In re Kaplan, 7 Cir., 1916, 234 F. 866; In re C. F. Beckwith & Co., D.C.M.D.Pa.1904, 130 F. 475, 476; In re Pinson & Co., D.C.N.D. Ala.1910, 180 F. 787, 789; In re Ganaposki, D.C.M.D.Pa.1939, 27 F.Supp. 41, 42; Tatum v. Acadian Production Corp., D.C. E.D.La.1940, 35 F.Supp. 40, 45; and the cases cited therein.

■ As to appellants' third specification of error, the affidavit of counsel for appellants which is annexed to their motion for new trial recites an argument between court and counsel over the court's direction that a certain witness be the next one called under penalty of not being allowed to call the witness to the stand at all. It was during such argument that the court, over counsel's objection, directed the reporter not to record the court's remarks. It appears from the affidavit itself that the whole discussion occurred immediately after the court had said that a recess would be taken. Whether or not the proceedings occurred in "open court" [see 28 U.S.C. (1946 ed.) § 9a (b) and new Title 28 U.S. C.A. § 753(b), as to the duties of a court reporter], we need not decide because it also appears that the witness referred to was excused by the court subject to her being recalled by the court. No error as to this order was assigned. The court has the discretion as to when witnesses may be called and we discern no abuse of discretion or prejudicial error in this episode.

■ Finally, appellants contend that the conduct of the district court prevented a fair trial. While there was friction between court and counsel, we cannot say that the litigants and counsel were intimidated or that the witnesses were confused. Compare Podlasky v. Price, 1948, 87 Cal. App.2d 151, 196 P.2d 608. While it is apparent that the trial judge, in order to clear his calendar before journeying to another city to call a court calendar, attempted to compress trial time within impossible limits as it later appeared, it remains to be said that instead of holding to his announced intention of holding the time to three days the trial judge continued the case until more time could be devoted to it and the trial continued in perfect amity.

■ The circumstances of this case have moved us to read the entire transcript which fortunately was transmitted to our clerk and we find that beginning with the adjourned session of court, there was no friction and the court permitted great liberality on behalf of all parties. If, after the adjourned session began, the appellants deemed themselves prejudiced by the court's limitation of proof as to Hamilton's status on the partnership issue, we find no indication of it and no proffer of evidence upon the subject was made. Upon the whole case we are not definitely and firmly convinced that the dismissal of the proceedings as to Hamilton was a mistake. See United States v. United States Gypsum Co., 1948, 333 U.S. 364, 68 S.Ct. 525, 92 L.Ed. 746. However, we regard the several findings of fact which we have pointed out as being without legal sanction as surplusage and our affirmance is in no wise based upon them or either of them.

Affirmed.